J-S33032-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT TORRES | |
| Appellant | No. 2953 EDA 2013 |

Appeal from the Judgment of Sentence dated October 18, 2013
In the Court of Common Pleas of Northampton County
Criminal Division at No: CP-48-CR-0001968-2013

BEFORE: FORD ELLIOTT, P.J.E., OLSON, and STABILE, JJ.

MEMORANDUM BY STABILE, J.: **FILED JULY 31, 2014**

Appellant Robert Torres appeals from a judgment of sentence of the Court of Common Pleas of Northampton County (trial court), which, following a jury trial, convicted him of theft by unlawful taking and receiving stolen property under Sections 3921(a) and 3925(b) of the Crimes Code (Code).[1] For the reasons set forth below, we affirm.

The facts underlying this appeal appear to be undisputed. On May 5, 2013, Officer Albert Strydesky of the Bethlehem Police Department charged Appellant with theft by unlawful taking and receiving stolen property. In his

_____

[1] Act of December 6, 1972, P.L. 1482, 18 Pa.C.S. §§ 3921(a) and 3925(a), respectively.

affidavit of probable cause accompanying the complaint, Officer Strydesky alleged:

> 4. I spoke with Cigars International Facilities Manager, Michael Schenk, who stated that he hid inside the warehouse with a vantage point observing a pallet of Bugatti B-1 Torch Lighters. The Bugatti Lighters were on the pallet in individual cardboard shipping boxes of 120 lighters. He observed an employee, [Appellant], enter the aisle the [sic] with the Bugatti Lighters. At the pallet, Michael [Schenk] observed [Appellant] remove a cardboard shipping box of 120 lighters from the pallet and carry it away from the pallet. [Appellant] walked to the end of the pallet rack row, then went to an adjacent row of lockers. [Appellant] placed the cardboard box into a locker that was empty and not assigned to any employees. This action of taking the box of lighters served no legitimate purpose.
>
> 5. The lighters are owned by Cigars International and are valued at $100.00 each. The total for a full box of 120 lighters is $12,000.00.

Affidavit of Probable Cause, 5/5/13. Ultimately, the case proceeded to a jury trial, following which Appellant was convicted of theft by unlawful taking and receiving stolen property and sentenced to 12 to 24 months' imprisonment. Following his filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued an opinion in accordance with Pa.R.A.P. 1925(a). In its Rule 1925(a) opinion, the trial court determined that there was sufficient evidence to convict Appellant of theft by unlawful taking and receiving stolen property. Specifically, the trial court concluded that "[t]here was sufficient evidence for the jury to have determined that all of the elements of theft by unlawful taking and receiving stolen property were established beyond a reasonable doubt." Trial Court Opinion, 12/20/13, at 3.

On appeal, Appellant essentially argues that the Commonwealth did not present sufficient evidence to support his conviction for theft by unlawful taking and receiving stolen property.

Our standard and scope of review for a sufficiency claim is well-settled:[2]

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley*, 14 A.3d 887, 889–90 (Pa. Super. 2011). Additionally, "in applying the above test, the entire record must be evaluated and all evidence actually received must be considered." *Commonwealth v. Coleman*, 19 A.3d 1111, 1117 (Pa. Super. 2011).

Section 3921(a) of the Code, relating to theft by unlawful taking, provides, "[a] person is guilty of theft if he unlawfully takes, or exercises

_____

[2] A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. *Commonwealth v. Williams*, 871 A.2d 254, 259 (Pa. Super. 2005).

unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). Section 3925(a) of the Code, relating to receiving stolen property, provides, "[a] person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." 18 Pa.C.S. § 3925(a).

Instantly, Appellant does not challenge the facts underlying his conviction, but merely argues "[t]here was no evidence admitted at trial to corroborate the eye-witness's testimony." Appellant's Brief at 11. In fact, without proffering any legal authority, Appellant asserts:

> The investigating police officer had the opportunity to enlist the services of a forensic unit to obtain evidence that would, in fact, corroborate the only eye-witness to this crime. Those forensic tests could have revealed that DNA, fingerprints, or other such samples to prove to the jury that [Appellant] actually had possession of the merchandise in question. Furthermore, there was no audio/video evidence that would further corroborate the eye-witness testimony.

*Id.* We construe Appellant's argument as challenging the trial court's weight of the evidence and credibility determinations. As we noted above, this Court may not re-weigh the evidence or substitute its judgment for that of the trial court sitting as the fact-finder. *See Mobley*, 14 A.3d at 889–90. Accordingly, we reject Appellant's argument as lacking merit. In addition, based on our review of the entire record and viewing the evidence in the light favorable to the Commonwealth, thereby giving it the benefit of the reasonable inferences derived therefrom, we agree with the trial court's

conclusion that the Commonwealth presented sufficient evidence to sustain Appellant's conviction for theft by unlawful taking and receiving stolen property. The trial court specifically found:

> the evidence at trial established that [Appellant] was observed by a manager reporting to work early on the morning of May 5, 2013. [Appellant] was further observed proceeding to a portion of the warehouse where he was not assigned, removing a box of specialty lighters from a pallet, and placing the box of lighters in an empty employee locker. Based upon the evidence presented at trial, the jury could have reasonably found that [Appellant] unlawfully took, received, possessed or exercised unlawful control over the movable property [box of Bugatti lighters] of his employer.

Trial Court Opinion, 12/20/13, at 3. Accordingly, given the eyewitness account, the jury could, and did, reasonably infer that Appellant violated Sections 3921(a) and 3925(a) of the Code.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2014

- 5 -