J-S49038-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW J. REICHART | |
| Appellant | No. 25 EDA 2014 |

Appeal from the Judgment of Sentence entered November 12, 2013
In the Court of Common Pleas of Bucks County
Criminal Division at No: CP-09-CR-0005323-2012

BEFORE:  OLSON, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 14, 2014**

Appellant Matthew J. Reichart appeals from a judgment of sentence of the Court of Common Pleas of Bucks County (trial court), which, following a bench trial, convicted him of, *inter alia*, simple assault under Section 2701(a)(1) of the Crimes Code (Code).[1]  Upon review, we affirm.

The facts underlying this appeal are undisputed.  On July 2, 2012, Detective Thomas Jackson of the Bensalem Township Police Department charged Appellant with, *inter alia*, simple assault.  In his affidavit of probable cause accompanying the complaint, Detective Jackson alleged:

> On Monday, at approximately 1824 hours Bucks County Radio dispatched Officers to the Cornwells Train Station (located at 701 Station Avenue) for a report of a disorderly subject on a train.

---

[1] Act of December 6, 1972, P.L. 1482, **as amended**, 18 Pa.C.S.A. § 2701(a)(1).

> Upon arrival Officer MacDougall spoke with an employee of the train who stated that subject was threatening the "entire train." Officer MacDougall observed the car to be about ¾ full when he noticed the subject, identified as [Appellant], sitting in the back seat of the car alone. The conductor . . . stated that [Appellant] attempted to strike him several times. Officer MacDougall observed [Appellant] to appear to be agitated and was figidty [sic] in his seat. Officer MacDougall observed [Appellant] to be holding a large unmarked prescription bottle wrapped in a clear baggie. Officer MacDougall also [observed] additional property including a wallet and NJ [i]dentification card in the name of [Appellant] in a baseball hat on the seat directly across from [Appellant]. As Officer MacDougall attempted to speak with [Appellant] he started talking about how "we are going to die." At this time [Appellant], who still appeared agitated, moved towards Officer MacDougall in an aggressive manner causing Officer MacDougall to take action to keep his distance. Officer MacDougall attempted to control [Appellant] but was unsuccessful as he flailed his arms and moved his body towards Officer MacDougall's. As Officer MacDougall continued to attempt to control [Appellant] he required additional police units via Police radio. At this time [Appellant] reached up and grabbed Officer MacDougall's groin area, grip [sic] his testicles and apply [sic] pressure causing pain. Despite numerous warnings of the use of force [Appellant] continued ignoring police commands and actively resisted Officer MacDougall's attempts to control him. [Appellant] was eventually subdued and placed into custody.

Affidavit of Probable Cause, 7/3/12. Because Appellant waived his right to a jury trial, the trial court, following a bench trial, convicted him of, *inter alia*, simple assault and sentenced him to five to twenty-three months' imprisonment.

Appellant filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, arguing that the Commonwealth did not present sufficient evidence to support his conviction for simple assault under Section 2701(a)(1) of the Code. Specifically, Appellant argued that the Commonwealth's evidence did not support the conclusion that he "attempted to or caused bodily injury to Officer MacDougall by grabbing the [O]fficer's

groin area." Appellant's Statement of Errors Complained of on Appeal, 12/20/13. The trial court issued an opinion in accordance with Pa.R.A.P. 1925(a). In its Rule 1925(a) opinion, the trial court determined that there was sufficient evidence to convict Appellant of simple assault. Particularly, based on Officer MacDougall's testimony that the court found credible, the trial court concluded the Commonwealth met its burden with respect to the element of bodily injury under Section 2701(a)(1) of the Code. As the trial court found, "[w]hile [Officer MacDougall's] testimony alone is sufficient to prove that [he] suffered substantial pain, we can further infer the existence of substantial pain from the fact that Appellant grabbed [Officer MacDougall's] testicle and squeezed it." Trial Court Opinion, 3/13/14, at 6. Moreover, in the alternative, the trial court concluded that even if Appellant did not cause bodily injury to Officer MacDougall, his conviction under Section 2701(a)(1) would still stand, because the Commonwealth presented sufficient evidence to support a conviction for attempted simple assault.[2] In this regard, the trial court reasoned:

> Looking at the circumstances surrounding the encounter between Appellant and Officer MacDougall in totality, it can be inferred that Appellant attempted to cause bodily injury to Officer MacDougall. Appellant was attempting to free himself of Officer MacDougall's control. To accomplish that goal, Appellant reached down and grabbed Officer MacDougall's testicle. If Officer MacDougall did not suffer actual pain from that event, it

---

[2] Section 2701(a)(1) of the Code provides "a person is guilty of assault if he attempts to cause *or* intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S.A. § 2701(a)(1) (emphasis added).

can be inferred from the surrounding circumstances that, at the very least, Appellant attempted to cause bodily injury.

*Id.* at 7.

On appeal,[3] Appellant raises the following issue for our review:

Was the evidence insufficient to convict Appellant of simple assault, if the Commonwealth failed to prove beyond a reasonable doubt that [] Appellant attempted to or caused bodily injury to Officer MacDougall by grabbing the Officer's groin area while engaged in a physical struggle with Officer MacDougall?

Appellant's Brief at 4.

After careful review of the parties' briefs, the record on appeal, and the relevant case law, we conclude that the trial court's Rule 1925(a) opinion authored by the Honorable Jeffrey L. Finley, thoroughly and adequately

---

[3] Our standard and scope of review for a sufficiency claim is well-settled:

We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.

The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mobley*, 14 A.3d 887, 889–90 (Pa. Super. 2011). Additionally, "in applying the above test, the entire record must be evaluated and all evidence actually received must be considered." *Commonwealth v. Coleman*, 19 A.3d 1111, 1117 (Pa. Super. 2011). A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. *Commonwealth v. Williams*, 871 A.2d 254, 259 (Pa. Super. 2005).

disposes of Appellant's issue on appeal. *See* Trial Court Opinion, 3/13/14, at 5-14. We, therefore, affirm the trial court's judgment of sentence. We direct that a copy of the trial court's March 13, 2014 Rule 1925(a) opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2014



IN THE COURT OF COMMON PLEAS OF
BUCKS COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA   :
                                          :
                                          :     **No. 5323-2012**
           **v.**                              :
                                          :

**MATTHEW REICHART**              :
                                          :

---

## OPINION

Matthew Reichart ("Appellant") appeals to the Superior Court of Pennsylvania from Judgment of Sentence imposed by this Court on November 12, 2013. We file this opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## FACTUAL AND PROCEDURAL HISTORY

Appellant was charged in criminal Bill of Information 5323 of 2012 with Aggravated Assault[1], Possession of a Controlled Substance (Marijuana)[2], Possession of Drug Paraphernalia[3], Simple Assault[4], Resisting Arrest[5], Disorderly Conduct[6], and Possession of a Controlled Substance (Cocaine)[7]. In a bench trial held November 12, 2013, Appellant was found not guilty of aggravated assault and guilty of the remaining

---

[1] 18 P.S. § 2702(a)(2).
[2] 35 P.S. §780-113 (a)(31).
[3] 35 P.S. § 780-113(a)(32).
[4] 18 P.S. § 2701(a)(1).
[5] 18 P.S. § 5104.
[6] 18 P.S. § 5503(a)(4).
[7] 35 P.S. § 780-113(a)(16).

1

charges. On November 12, 2013, this Court sentenced Appellant to five to twenty-three months with credit for time served in the Bucks County Correctional Facility with a consecutive twenty-four months probation on November 12, 2013. On December 11, 2013, Appellant timely filed Notice of Appeal.

On July 2, 2012, Bucks County radio received a call from SEPTA police about a train stopped at Cornwell's train station in Bensalem, Bucks County, Pennsylvania. *N.T. 11/12/13*, pp. 7-8. Because of the complaint, Officer Andrew MacDougall of the Bensalem Township Police Department arrived at the Cornwell's train station and entered a commuter train car. *N.T. 11/12/13*, p. 8. All of the people in that train car were located in the front three quarters of the train car, except for one white male, who was alone in the back of the train car. *N.T. 11/12/13*, p. 9. The white male was later identified as Appellant. *N.T. 11/12/13*, p. 9.

After Officer MacDougall entered the train car, he began to approach Appellant, as Appellant was identified as the person causing a disturbance on the train. *N.T. 11/12/13*, p. 10. Appellant appeared very agitated and was moving his hands and feet very quickly and in sudden motions. *N.T. 11/12/13*, p. 10. He was also mumbling nonsensical statements, including a statement about removing words from the dictionary. *N.T. 11/12/13*, p. 10.

An upside down baseball cap containing a wallet, among other things, was located on the seat adjacent to Appellant. *N.T. 11/12/13*, p. 12. Officer MacDougall removed a New Jersey identification from the wallet, which identified the white male as Appellant. *N.T. 11/12/13*, p. 11. Appellant was holding a prescription bottle in his

2

hands at this time. N.T. *11/12/13*, p. 12. Officer MacDougall testified that based on Appellant's actions, it appeared he was under the influence of something. *N.T. 11/12/13*, p. 12.

Officer MacDougall asked Appellant questions about the prescription bottle he was holding. *N.T. 11/12/13*, p. 12. At that time, Appellant popped out of his seat, said "we're all going to die" and began to close the distance between himself and Officer MacDougall. *N.T. 11/12/13*, p. 13. Officer MacDougall believed that Appellant was "coming for him" and therefore attempted to use Appellant's momentum and body weight to push him down to the ground. *N.T. 11/12/13*, p. 13. Officer MacDougall was unsuccessful in his attempt to restrain Appellant because of the layout of the train and because Appellant was flailing his arms, wiggling around and attempting to break Officer MacDougall's hold. *N.T. 11/12/13*, p. 14.

Because of this struggle with Appellant, Officer MacDougall radioed for assistance. *N.T. 11/12/13*, p. 14. Appellant then reached down and squeezed Officer MacDougall's left testicle, which caused a shooting pain in Officer MacDougall. *N.T. 11/12/13*, p. 14. Because of the pain, Officer MacDougall lost his grip on Appellant and took out his taser and placed it on Appellant, where probes shot from the taser and hooked into Appellant. *N.T. 11/12/13*, p. 15. Officer MacDougall was then able to restrain Appellant on the floor, where he handcuffed Appellant and waited for backup to arrive. *N.T. 11/12/13*, p. 16.

Officer MacDougall did not receive medical attention for the injury sustained as a result of Appellant's actions. *N.T. 11/12/13*, p. 17. However, Officer MacDougall

3

testified that his groin area was sore for at least the remainder of that day. N.T. *11/12/13*, p. 23.

Officer Raymond Forcina, also of the Bensalem Township Police Department, responded to Cornwell's train station after he received a radio call from Officer MacDougall. *N.T. 11/12/13*, p. 35. When Officer Forcina arrived, Officer MacDougall was attempting to subdue Appellant. *N.T. 11/12/13*, p. 35. Officer Forcina assisted Officer MacDougall in controlling Appellant, who was acting erratic at that time. *N.T. 11/12/13*, p. 35.

Officer Forcina helped Appellant exit the train car. *N.T. 11/12/13*, p. 36. Once Appellant was removed from the train car, Officer Forcina performed a search incident to arrest. *N.T. 11/12/13*, p. 36. The search revealed that Appellant was in possession of a pipe and a bowl, as well as a glassine baggie of vegetable-like matter and a glassine baggie of a white powdery substance. *N.T. 11/12/13*, p. 39. The vegetable-like matter tested positive for marijuana and the white powdery substance tested positive for cocaine. *N.T. 11/12/13*, p. 39.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On December 13, 2013, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Appellant filed a Concise Statement of Matters Complained of on Appeal, set forth *verbatim* herein:

> Whether the evidence was insufficient to convict Appellant of simple assault if the Commonwealth failed to prove beyond a reasonable doubt that the Appellant attempted to or caused bodily injury to Officer MacDougall by grabbing the officer's groin area while engaged in a physical struggle with Officer MacDougall?

4

*Statement of Matters Complained of on Appeal*, p. 1, (December 13, 2013).

## DISCUSSION

Appellant argues that the evidence adduced at trial is not sufficient to support a Commonwealth verdict for simple assault. Appellant contends that the Commonwealth failed to prove beyond a reasonable doubt that Appellant caused or attempted to cause bodily injury to Officer MacDougall.

In evaluating a claim of insufficient evidence, the law of this Commonwealth is well settled:

> In reviewing the sufficiency of the evidence, the appellate court is required to review all the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, ... [as the verdict winner.] The test is whether the evidence, thus viewed, is sufficient to prove guilt beyond a reasonable doubt. This standard is equally applicable to cases where the evidence is circumstantial rather than direct so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt. Although a conviction must be based on more than mere suspicion or conjecture, the Commonwealth need not establish guilt to a mathematical certainty.

Commonwealth v. Brunson, 938 A.2d 1057, 1058 (Pa. Super. 2007) (internal citations omitted).

The Crimes Code 18 Pa.C.S. § 2701, provides the following definition for simple assault:

(a) A person is guilty of assault if he,

   (1) Attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another.

5

Bodily injury is defined as follows: "Impairment of physical condition or substantial pain." 18 Pa.C.S. § 2301. The existence of substantial pain can be inferred from the circumstances surrounding the use of physical force. Commonwealth v. Ogin, 540 A.2d 549 (Pa. Super. 1988)).

In Commonwealth v. Richardson, the appellant argued the evidence was insufficient to prove a claim for simple assault because the victim did not receive medical attention and did not miss any work as a result of Appellant's contact. Our Superior Court held that this claim was frivolous, and that simple assault could be established from the circumstances surrounding the use of physical force even in the absence of significant injury. Commonwealth v. Richardson, 636 A.2d 1195, 1196 (Pa. Super. 1994).

This Court found Officer MacDougall's testimony credible. Officer MacDougall testified that Appellant's actions caused a "shooting pain" and that he was "sore" for at least the rest of the day. While Officer MacDougall did not receive medical attention for his injury, he testified to the significant pain he suffered for the remainder of that day. While this testimony alone is sufficient to prove that Officer MacDougall suffered substantial pain, we can further infer the existence of substantial pain from the fact that Appellant grabbed Officer MacDougall's testicle and squeezed it. (See Commonwealth v. Ogin, supra, stating that substantial injury could be inferred by the fact that the victim was punched twice in the face).

To prove a claim for simple assault, the Commonwealth need only prove that Appellant attempted to cause bodily injury. (See Commonwealth v. Polston, 616 A.2d

6

669, 679 (Pa. Super.1992) (citing In the Interest of J.L., 475 A.2d 156 (Pa. 1984)) stating it is axiomatic that simple assault does not require a victim to suffer actual bodily injury). The attempt to inflict bodily injury may be sufficient. Id. This intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury. Id.

Looking at the circumstances surrounding the encounter between Appellant and Officer MacDougall in totality, it can be inferred that Appellant attempted to cause bodily injury to Officer MacDougall. Appellant was attempting to free himself of Officer MacDougall's control. To accomplish that goal, Appellant reached down and grabbed Officer MacDougall's testicle. If Officer MacDougall did not suffer actual pain from that event, it can be inferred from the surrounding circumstances that, at the very least, Appellant attempted to cause bodily injury. The Commonwealth has produced sufficient evidence to show that Appellant attempted to cause, intended to cause, and did cause bodily injury to Officer MacDougall to sustain the burden of proof for a conviction of simple assault.

## CONCLUSION

For the foregoing reasons, we find the issue that Appellant raised in this appeal is without merit.

BY THE COURT:

_____
JEFFREY L. FINLEY, P.J.

Date: March 13, 2014

8

Copies to:

Joanna R. Cerino, Esquire
Office of the District Attorney


Suzette S. Adler, Esquire
Office of the Public Defender