J-S25041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT LEE KANE, | : | |
| | : | |
| Appellant | : | No. 1485 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 7, 2017
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000429-2016

BEFORE: STABILE, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: **FILED JULY 05, 2019**

Scott Lee Kane ("Kane") appeals from the judgment of sentence entered following his conviction of endangering the welfare of a child-course of conduct ("EWOC"), and corruption of minors as a third-degree felony ("COM-Felony").[1] We vacate and remand for resentencing.

The trial court summarized the relevant procedural history underlying the instant appeal as follows:

> On April 7, 2017, after a jury convicted [Kane] of … EWOC and [COM-Felony,] Kane was acquitted on a number of other counts. On July 7, 2017, the [trial c]ourt imposed consecutive sentences of not less than six (6) months to not more than eighty-four (84) months on each count. [Kane] did not file a post-sentence motion or direct appeal after sentencing.

---

[1] 18 Pa.C.S.A. §§ 4304(a)(1), 6301(a)(1)(ii).

[Kane], acting *pro se*, filed a Motion for Post Conviction Collateral Relief[, pursuant to the Post Conviction Relief Act ("PCRA"),[2]] on November 2, 2017. The [PCRA c]ourt appointed [] counsel to represent [Kane] and directed [the filing of an] amendment by counsel and a response from the Commonwealth. On February 22, 2018, counsel filed an Amended Post Conviction Relief Act Petition. … The Commonwealth filed its Answer on March 19, 2018.

\* \* \*

On [June 7, 2018,] the parties entered into a stipulation restoring [Kane's] post-sentence and direct appeal rights. By Order of Court, dated June 7, 2018, the [trial c]ourt approved the stipulation and directed that a post-sentence motion be filed within ten (10) days. The instant Post-Sentence Motion was then timely filed. Upon review of the claims raised in the Post-Sentence Motion, the [trial c]ourt determined that [a] hearing and oral argument were unnecessary. The [trial c]ourt directed [that] the Commonwealth file a response …. The Commonwealth filed a timely response ….

Trial Court Opinion, 8/6/18, at 1-2 (footnotes and emphasis omitted, one footnote added). The trial court subsequently denied Kane's Post-Sentence Motion. Kane timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Kane presents the following issue for our review:

Whether the [t]rial [c]ourt erred in denying [Kane] relief in the form [of] setting aside the guilty verdicts as being based upon insufficient evidence of [COM-Felony] and [EWOC,] [where] the witness was incredible and there was insufficient proof of contact between [Kane] and the victim to support any conviction[?]

Brief for Appellant at 6.

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

Kane challenges the sufficiency of the evidence underlying his convictions. *Id.* at 13. We apply the following standard of review to Kane's claim:

A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner. Evidence will be deemed to support the verdict when it establishes each element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty. Finally, the trier of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Teems*, 74 A.3d 142, 144-45 (Pa. Super. 2013).

Kane first asserts that the jury acquitted him of the most serious charges, "including the Chapter 31 Sexual Offenses,[3] in which the jury would have to find and believe the victim, that [Kane] actually had sexual contact with her." Brief for Appellant at 13 (footnote added).

Regarding his EWOC conviction, Kane specifically asserts that the Commonwealth failed to present evidence sufficient to support a showing of substantial risk of death, or serious bodily injury, "an element required for the offense to constitute a felony of the third degree." *Id.* (emphasis omitted). Kane contends that, for EWOC to constitute a felony of the third degree, the

---

[3] *See* 18 Pa.C.S.A. §§ 3121-3131.

Commonwealth was required to establish that the actor created a substantial risk of death or serious bodily injury. ***Id.***

The Crimes Code defines the crime of EWOC as follows:

**(a) Offense defined.**

**(1)** A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\*     \*     \*

**(b) Grading**.

\*     \*     \*

**(1)** Except as provided under paragraph (2), the following apply:

\*     \*     \*

**(ii)** If the actor engaged in a course of conduct endangering the welfare of a child, the offense constitutes a felony of the third degree.

18 Pa.C.S.A. § 4304. Thus, to establish a third-degree felony, the Commonwealth was not required to establish that Kane created a substantial risk of death or serious bodily injury to the victim. Consequently, Kane's challenge to the sufficiency of the evidence underlying his EWOC conviction, on this basis, fails.

Finally, Kane asserts that the evidence is not sufficient to sustain his conviction of COM-Felony. Brief for Appellant at 14. According to Kane, the crime of COM-Felony requires the Commonwealth to establish, beyond a reasonable doubt, that he committed an offense under Chapter 31, Sexual Offenses. *Id.* at 15. Kane asserts that, because the jury acquitted him of the Chapter 31 Sexual Offenses, the evidence is not sufficient to sustain his conviction of COM-Felony. *Id.* We agree.

The Crimes Code defines the crime of COM-Felony, in relevant part, as follows:

> Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

Recently, this Court addressed whether a conviction for COM-Felony could be sustained where the jury had acquitted the defendant of the Chapter 31 offenses, stating as follows:

> While we have not identified any authority directly on this issue, a review of an analogous case, ***Commonwealth v. Magliocco***, 584 Pa. 244, 883 A.2d 479 (Pa. 2005), guides our analysis. In ***Magliocco***, a jury convicted the defendant of [e]thnic [i]ntimidation, but did not convict him of [t]erroristic [t]hreats. The [e]thnic [i]ntimidation statute requires, *inter alia*, that the Commonwealth prove that the defendant committed [t]erroristic [t]hreats and did so "with malicious intention toward the race, color, religion[,] or national origin of another individual or group of individuals[.]" 18 Pa.C.S.[A.] § 2710(a). The Supreme Court concluded that since the Commonwealth charged and prosecuted

Appellant with the predicate offense of [t]erroristic [t]hreats, but failed to obtain a conviction, the evidence was insufficient to convict the defendant of [e]thnic [i]ntimidation. *Id.* at 493.

Analogously, in the instant case, the Commonwealth charged and prosecuted Appellant for COM-Felony and the Sexual Offenses, but failed to obtain a conviction on any of the Sexual Offenses. By acquitting Appellant of the Chapter 31 Sexual Offenses, the jury found that the Commonwealth had failed to establish beyond a reasonable doubt that Appellant acted "in violation of Chapter 31." Thus, because the jury found that Appellant had not acted "in violation of Chapter 31," an essential element of COM-Felony, the Commonwealth was unable to establish every element of COM-Felony. *See Magliocco*, [883 A.2d] at 493 (reiterating that to "secure a conviction for any crime, the Commonwealth must prove all necessary elements beyond a reasonable doubt."); *see also* [*Commonwealth v.*] *Miller*, 172 A.3d [632,] 640 [(Pa. Super. 2017)]….

*Commonwealth v. Baker-Myers*, 2019 Pa. Super. LEXIS 493, at *4-*6 (Pa. Super. 2019) (*en banc*). As a result, this Court vacated the appellant's conviction. *See id.*

We conclude that this case is directly controlled by the *en banc* Court's decision in *Baker-Myers*. The jury acquitted Kane of all Chapter 31 Sexual Offenses. As such, the Commonwealth failed to establish, beyond a reasonable doubt, an essential element of COM-Felony. We therefore vacate Kane's sentence as to COM-Felony.

Because our disposition affects the trial court's sentencing structure, we vacate his judgment of sentence in its entirety, and remand for resentencing as to Kane's conviction of EWOC. *See Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa. Super. 2005) (where the court's disposition upset the overall sentencing scheme of the trial court, remanding so that the trial court

can restructure its sentence plan); ***Commonwealth v. Vanderlin***, 580 A.2d 820, 831 (Pa. Super. 1990) (stating that, "if a trial court errs in its sentence for one count in a multi-count case, then all sentences for all counts will be vacated so that the court can re-structure its entire sentencing scheme").

Judgment of sentence vacated, case remanded for resentencing consistent with this Memorandum. Superior Court jurisdiction relinquished.

Judge Murray joins the memorandum.

Judge Stabile notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/05/2019