J-S48034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY L. HOLLOW, JR., | |
| Appellant | No. 2107 MDA 2016 |

Appeal from the Judgment of Sentence November 7, 2016
in the Court of Common Pleas of Lancaster County
Criminal Division at No.: CP-36-CR-0001688-2016

BEFORE:  OTT, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 26, 2017**

Appellant, Gary L. Hollow, Jr., appeals from the judgment of sentence entered on November 7, 2016, following his open guilty plea to five counts of burglary, five counts of theft by unlawful taking, and five counts of criminal mischief.[1]  On appeal, Appellant challenges both the legality and discretionary aspects of his sentence.  For the reasons discussed below, we affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from our independent review of the certified record.  On August 25, 2016,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(2), 3921(a), and 3304(a)(5), respectively.

Appellant entered an open guilty plea to the aforementioned charges. These arose from Appellant's January 2016 spate of burglaries, wherein he damaged and entered five homes, stealing property valued at approximately $10,000.00. On November 7, 2016, after consideration of the pre-sentence investigation report (PSI), the trial court sentenced Appellant to an aggregate term of incarceration of not less than ten nor more than twenty-three years, to be followed by a consecutive term of probation.

On November 16, 2016, Appellant filed a motion to modify sentence. The trial court denied the motion on November 17, 2016. The instant, timely appeal followed. On December 21, 2016, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On January 9, 2017, Appellant filed a timely Rule 1925(b) statement. *See id.* On February 27, 2017, the trial court issued an opinion. *See* Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following questions for our review:

I.     Was the [t]rial [c]ourt's sentence of [not less than ten nor more than twenty-three] years of incarceration manifestly excessive under the circumstances and an abuse of the [c]ourt's discretion?

II.    Did the [t]rial [c]ourt err as a matter of law by failing to merge predicate criminal mischief offenses with burglary offenses during imposition of sentence?

(Appellant's Brief, at 6).

In his first issue, Appellant challenges the discretionary aspects of his sentence.[2] Specifically, he maintains that the trial court's sentence was "manifestly excessive . . . [and] unduly harsh" because it was imposed consecutively, and the court did not properly consider mitigating circumstances and Appellant's rehabilitative needs. (Appellant's Brief, at 12; *see id.* at 11-13, 16-18). We disagree.

The right to appeal the discretionary aspects of a sentence is not absolute. **See Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" **Commonwealth v. Anderson**, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme."[3] **Commonwealth v. Kimbrough**, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted); **see**

---

[2] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. **See Commonwealth v. McAfee**, *infra* at 275.

[3] Here, Appellant has included a Rule 2119(f) statement in his brief. (**See** Appellant's Brief, at 11-13).

Pa.R.A.P. 2119(f). If an appellant's Rule 2119(f) statement meets these prerequisites, we have found that a substantial question exists. **See Commonwealth v. Goggins**, 748 A.2d 721, 727-28 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** (emphases in original).

Here, Appellant claims that his sentence was harsh and excessive because of its consecutive nature and, further, that the trial court failed to consider the mitigating circumstances and his rehabilitative needs. These contentions raise a substantial question. **See Commonwealth v. Johnson-Daniels**, --- A.3d ---, 2017 WL 2855091, at *9 (Pa. Super. filed July 5, 2017).

Our standard of review is settled.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Gonzalez**, 109 A.3d 711, 731 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1198 (Pa. 2015) (citation omitted).

In the instant matter, the record demonstrates that the trial court had the benefit of a pre-sentence investigation report (PSI). (**See** N.T. Sentencing, 11/07/16, at 7). We have stated that:

> [w]hen imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. . . . Where the sentencing court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

**Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010) (quotation marks and citations omitted). Here, the sentencing court stated that it had reviewed the PSI, the sentencing guidelines, the character and remarks of Appellant, counsels' arguments, and the information in the victim impact statements. (**See id.** at 7-8). It then imposed a sentence wherein each individual sentence was in the standard range. (**See id.** at 8). Moreover, we have long stated that ". . . 42 Pa.C.S.[A.] section 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." **Johnson-Daniels**, **supra** at *10 (citations omitted). Thus, Appellant's challenge to the discretionary aspects of his sentence lacks merit. **See Commonwealth v. Zeigler**, 112 A.3d 656, 662 (Pa. Super. 2015) (holding sentence not manifestly unreasonable where

sentencing court considered PSI, details of crime, and explained reasons for sentence); *see also Moury*, *supra* at 171.

In his second issue, Appellant contends that his sentence is illegal because the trial court sentenced him on both criminal mischief and burglary, charges that he believes merge for purposes of sentencing.[4] (*See* Appellant's Brief, at 18-21). Specifically, Appellant states "[c]riminal mischief may serve as a predicate offense constituting the basis for a burglary. . . . [and Appellant] entered the residences with the burglarious intent to commit the crimes of theft by unlawful taking and criminal mischief when he broke the basement windows of the residences. . . ." (*Id.* at 19, 20-21).[5] We disagree.

_____

[4] Appellant raised this claim for the first time in his Rule 1925(b) statement. However, challenges to the legality of sentence are non-waivable and an appellant may raise it for the first time on appeal. *See Commonwealth v. Dickson*, 918 A.2d 95, 99 (Pa. 2007) ("challenges to sentences based upon their legality" are not subject to waiver).

[5] Appellant fails to point to anything in the certified record to support his contention that, in the instant matter, criminal mischief served as a predicate offense to burglary. Rather the record reflects that the thefts by unlawful taking counts were predicate offenses to burglary and merged for sentencing. (*See* N.T. Guilty Plea, 8/25/16, at 2; N.T. Sentencing, at 8). Further, the record shows that the criminal mischief occurred prior to the burglaries when Appellant broke windows in order to gain entry into the residences. (*See* Information, 8/24/16, at 2-3); *see also* 18 Pa.C.S.A. § 3502(d) ("A person may not be sentenced both for burglary and for the offense which it was his intent to commit **after** the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.") (emphasis added).

"Whether Appellant's convictions merge for sentencing is a question implicating the legality of Appellant's sentence." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009). We have stated:

The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary. Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law.

***Commonwealth v. Williams***, 871 A.2d 254, 262 (Pa. Super. 2005) (citations and quotation marks omitted). Section 9765 of the Judicial Code, which governs the merger of sentences, provides:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. When interpreting Section 9765, our Supreme Court has directed that the courts apply an elements-based test when determining questions of merger at the time of sentencing:

A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.

***Baldwin***, ***supra*** at 837 (footnote omitted). We have explained:

[T]he threshold question is whether Appellant committed one solitary criminal act. The answer to this question does not turn on whether there was a break in the chain of criminal activity.

Rather, the answer turns on whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime[.] If so, then the defendant has committed more than one criminal act. This focus is designed to prevent defendants from receiving a volume discount on crime[.]

**Commonwealth v. Orie**, 88 A.3d 983, 1020 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (quotation marks omitted).

As stated above, Appellant complains that his sentence for criminal mischief merges with his burglary sentence. To commit burglary, an individual must: (1) enter a building or occupied structure, (2) with intent to commit a crime therein.[6] **See** 18 Pa. C.S.A. § 3502(a). To commit criminal mischief, a person must intentionally damage property of another. **See** 18 Pa.C.S.A. § 3304(a)(5). Each of these statutes contains an element the other does not. Burglary requires entry into a building or occupied structure, whereas criminal mischief does not. Criminal mischief requires

_____

[6] We note that:

The common-law concept of burglary encompassed breaking and entering the dwelling house of another at night with the intent to commit a felony therein. The scope of the offense had been enlarged by judicial interpretation and legislation, however, with the result that, at least under the most comprehensive of the statutes in force at the time the Model Penal Code was drafted, the offense could be committed by entry alone, in the daytime as well as night, in any building or structure, or vehicle with the intent to commit any criminal offense.

MODEL PENAL CODE § 221.1 cmt. 1 (1980). We derive our current burglary statute from this section of the MPC. Burglary in Pennsylvania prior to the Crimes Code required a breaking.

damage to property, which burglary does not. Since "both crimes require proof of at least one element that the other does not, then the sentences do not merge." *Commonwealth v. Johnson*, 874 A.2d 66, 70 (Pa. Super. 2005), *appeal denied*, 899 A.2d 1122 (Pa. 2006). Appellant's challenge to the legality of sentence lacks merit.[7]

Accordingly, for the reasons discussed above, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2017

---

[7] Moreover, Appellant's reliance on *In the Interest of Golden*, 365 A.2d 157, 159 (Pa. Super. 1976) (*en banc*), is misplaced. *Golden* does not address the issue of merger, rather, in *Golden*, the appellants argued that the evidence was insufficient to sustain their conviction for burglary because the summary offense of criminal mischief was not a crime "within the description of the offense of burglary as defined in the Crimes Code." *Id.* at 158. Moreover, in *Golden*, the criminal mischief was committed after entry into the building when the appellants drank beer, broke the bottles, and broke the fronts of vending and cigarette machines to gain entry to the contents. *See id.* Further, the appellants expressly admitted that their purpose in breaking into the building was to find a place to drink the beer and to get some food. *See id.* Thus, *Golden* is both factually and legally distinct from the instant matter. *See id.* at 158-59.