J-S13018-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
MANDY SUE STINE :
:
Appellant : No. 899 WDA 2017
:

Appeal from the Judgment of Sentence May 2, 2017
In the Court of Common Pleas of Blair County
Criminal Division at No(s): CP-07-CR-0001469-2016

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.: FILED JUNE 25, 2018

Appellant, Mandy Sue Stine, appeals from the judgment of sentence entered on May 2, 2017, in the Blair County Court of Common Pleas.[1] We affirm.

The record reveals that in 2015, David Leonard began working as a confidential informant ("CI") for the Altoona Police Department. N.T., 2/9/17, at 44. As a CI, Mr. Leonard purchased controlled substances from drug dealers, and police officers would then arrest those dealers. Id. Mr. Leonard's work as a CI directly led to Appellant's arrest. Id. at 45.

---

[1] While Appellant purports to appeal from the trial court's order denying her post-sentence motion, the appeal properly lies from the May 2, 2017 judgment of sentence. Commonwealth v. Shamberger, 788 A.2d 408, 410 (Pa. Super. 2001). We have corrected the caption accordingly.

1

On March 7, 2016, Appellant and Mr. Leonard were both seated in a courtroom in the Blair County Courthouse in Hollidaysburg, Pennsylvania. Appellant was in the courtroom as a result of Mr. Leonard's work as a CI, and Mr. Leonard was there as a defendant on a separate drug-related matter. Appellant was seated behind Mr. Leonard. Mr. Leonard claimed that when Appellant sat down behind him, she made threatening comments to him. N.T., 2/9/17, at 26. Mr. Leonard testified that Appellant called him a snitch and blamed him for her arrest. She told him that she knew where he lived, would burn his house down, and intended to hurt him. Id. Mr. Leonard also testified that after Appellant threatened him in the courtroom, she aggressively followed him in her car back to Altoona. Id. at 31. Mr. Leonard stated that during this pursuit, he applied the brakes suddenly to get behind Appellant's car, which enabled him to acquire Appellant's license plate number and call the police. Id.

On August 19, 2016, the Commonwealth charged Appellant with making terroristic threats, retaliation against a witness or victim, and harassment.[2] Following a jury trial, Appellant was found guilty of retaliation against a witness or victim and not guilty of making terroristic threats.[3] Verdict, 2/9/17. On May 2, 2017, the trial court sentenced Appellant to a term of one to twenty-

---

[2] 18 Pa.C.S. §§ 2706(a)(1), 4953(a), and 2709(a)(2), respectively.

[3] The disposition of the summary offense of harassment is unclear from the record.

three months of incarceration for the retaliation conviction. Appellant filed a timely post-sentence motion, which was denied on May 22, 2017, and on June 8, 2017, Appellant filed a timely notice of appeal. On July 19, 2017, the trial court directed Appellant to file and serve upon the court a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a timely Pa.R.A.P. 1925(b) statement on July 28, 2017. The trial court initially did not draft an opinion but rather provided a statement asserting that it was relying upon the record. Pa.R.A.P. 1925(a) Notice, 10/31/17.[4]

On appeal, Appellant raises four issues for this Court's consideration:

I. Whether the trial court erred in finding sufficient evidence to support the verdict because the [C]omm[on]wealth's evidence consisted of one to three adverse verbal statements followed by benign driving conduct that fails to get to the severity contained in Commonwealth v. Ostrosky, 909 A.2d 1224 (Pa. 2006).

II. Whether the trial court erred in denying [Appellant's] dismissal motion that the verdict was not supported by the weight of the evidence submitted at trial. Commonwealth v. Ostrosky, 909 A.2d 1224 (Pa. 2006).

III. Whether the trial court erred when the court denied a post sentence motion for a new trial where [Appellant] alleged a Brady v. Maryland violation because the investigating officer failed to recover easily available and material in-court video of the alleged incident. Brady, 373 U.S. 83 (1963).

IV. Whether the trial court erred when it denied [Appellant's] motion for a new trial alleging the verdict should also be set aside because Leonard was a "confidential informant" not a "witness" according to the plain language of the statute leading to the

---

[4] On April 23, 2018, our Court remanded this matter to the trial court to draft an opinion. The trial court filed its opinion on May 17, 2018.

conclusion that, by definition, there cannot be ... sufficient or weighty evidence to sustain the verdict.

Appellant's Brief at 7.

Appellant first challenges the sufficiency of the evidence. Our standard of review for a challenge to the sufficiency of the evidence is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Commonwealth v. LaBenne, 21 A.3d 1287, 1289 (Pa. Super. 2011) (citation omitted). "A challenge to the sufficiency of the evidence is a question of law, subject to plenary review." Commonwealth v. Williams, 871 A.2d 254, 259 (Pa. Super. 2005) (citation omitted). "The Commonwealth need not preclude every possibility of innocence or establish the defendant's guilt to a mathematical certainty." Id. (citation omitted).

As noted above, Appellant was found guilty of retaliation against a witness. That crime is defined as follows:

4

(a) Offense defined.--A person commits an offense if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of witness, victim or a party in a civil matter.

18 Pa.C.S. § 4953(a).

Appellant avers that the evidence was insufficient to establish the crime of retaliation, and she cites Commonwealth v. Ostrosky, 909 A.2d 1224 (Pa. 2006), as support for her argument. Appellant's Brief at 10. In Ostrosky, our Supreme Court concluded that a single threat, without actual harm, does not constitute objective harm. Ostrosky, 909 A.2d at 1233. Therefore, a single threat does not satisfy the requirements for a conviction of retaliation. Id. Appellant avers that here, there was at most a single threat; thus, just as in Ostrosky, the evidence was insufficient to prove retaliation. Appellant's Brief at 11.

While Appellant's verbal threat to Mr. Leonard at the courthouse may constitute a single threat, we must also consider Appellant's motor-vehicle pursuit of Mr. Leonard. Mr. Leonard testified that Appellant followed him and was "right on [his] tail." N.T., 2/9/17, at 30. Mr. Leonard further stated that Appellant followed him, weaving in and out of traffic, and when he sped up, she sped up, and when he slowed down, she slowed down. Id. at 30-31. Appellant's pursuit of Mr. Leonard was aggressive, and it compelled him to use evasive driving maneuvers to position his car behind Appellant's. Id. at 31. This evasive driving was done in order for Mr. Leonard to obtain

Appellant's license plate number. Id. Appellant's behavior caused Mr. Leonard to call 911 to report Appellant's conduct, and Appellant continued her antagonizing pursuit. Id. Mr. Leonard testified that Appellant's behavior worried him, and he feared for his safety and that of his family. Id.

Viewing the evidence in the light most favorable to the Commonwealth, we conclude that Appellant's verbal threats to Mr. Leonard, coupled with the motor-vehicle pursuit, constituted a course of conduct, i.e., Appellant's behavior was more than a single threat. Ostrosky, 909 A.2d at 1232. Therefore, we find that the evidence was sufficient to establish the crime of retaliation.

In her next issue on appeal, Appellant challenges the weight of the evidence and claims that she is entitled to a new trial. We have held that "[a] motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." Commonwealth v. Rayner, 153 A.3d 1049, 1054 (Pa. Super. 2016) (quoting Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000)). Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, "the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider de novo the underlying question of the weight of the evidence." An appellate court may not overturn the trial

6

court's decision unless the trial court "palpably abused its discretion in ruling on the weight claim." Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is "so contrary to the evidence as to shock one's sense of justice."

Commonwealth v. Cash, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations omitted). A trial court's determination that a verdict was not against the weight of the evidence is "[o]ne of the least assailable reasons" for denying a new trial. Commonwealth v. Colon-Plaza, 136 A.3d 521, 529 (Pa. Super. 2016) (quoting Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013)). A verdict is against the weight of the evidence where "certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Commonwealth v. Lyons, 833 A.2d 245, 258 (Pa. Super. 2003) (quoting Widmer, 744 A.2d at 751–752)). "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence. . . . Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]" Commonwealth v. Ferguson, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Commonwealth v. Akrie, 159 A.3d 982, 989 (Pa. Super. 2017). Although Appellant's weight claim lacked specificity, we are satisfied that she preserved

her challenge by: 1) raising the issue in a post-trial motion filed on April 26, 2017; 2) discussing the weight of the evidence at the sentencing hearing on May 2, 2017 (N.T., 5/2/17, at 4); and 3) challenging the weight of the evidence in her post-sentence motion filed on May 5, 2017. Nevertheless, we conclude that there was no abuse of discretion in the trial court denying Appellant's motion for a new trial in the order filed on May 22, 2017.

As discussed above, the evidence against Appellant amply established her guilt of retaliation against Mr. Leonard. Mr. Leonard testified that Appellant verbally threatened him inside the courtroom and later engaged in an aggressive automobile pursuit causing Mr. Leonard to fear for his safety. N.T., 2/9/17, at 29-31. As the finder of fact, the jury was free to credit the testimony as it saw fit, and it was free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. Commonwealth v. DeJesus, 860 A.2d 102, 107 (Pa. Super. 2004). Indeed, the jury found Mr. Leonard credible and convicted Appellant of the crime of retaliation. Nothing in the jury's verdict or the trial court's denial of Appellant's post-sentence motion shocks our sense of justice, and we discern no abuse of discretion in the trial court's denial of Appellant's post-sentence motion. Accordingly, Appellant is due no relief on this claim.

In her third issue, Appellant asserts that the trial court erred when it denied her post-sentence motion for a new trial based on an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963). Appellant claims that one of the

investigating officers failed to recover a video recording of the interaction between Appellant and Mr. Leonard that occurred in the courtroom where Appellant threatened Mr. Leonard. We conclude that this claim is meritless.

In Brady, the Supreme Court of the United States held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Commonwealth v. Adams, 177 A.3d 359, 363 n.10 (Pa. Super. 2017) (internal citation omitted). Rule 573 of the Pennsylvania Rules of Criminal Procedure was promulgated in response to the dictates of Brady.[5] Commonwealth v. Melvin, 103 A.3d 1, 32 (Pa. Super. 2014) (citation omitted). In order to succeed on a Brady claim, the defendant must show:

> (1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted. Commonwealth v. Daniels, 628 Pa. 193, 104 A.3d 267, 284 (2014), citing Commonwealth v. Tedford, 598 Pa. 639, 960 A.2d 1, 30 (2008). A Brady violation exists only where the suppressed evidence is material to guilt or punishment, i.e., where there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. Id. In determining whether a reasonable probability of a different outcome has been demonstrated, "the question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). A "reasonable probability" of a

---

[5] Pa.R.Crim.P. 573 provides, inter alia, that the Commonwealth has a duty to disclose inculpatory and exculpatory evidence.

> different result is shown when the government's suppression of evidence "undermines confidence in the outcome of the trial." United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985).

Commonwealth v. Cousar, 154 A.3d 287, 301 (Pa. 2017).

In the case at bar, the record reflects that the officer who investigated the charges against Appellant, Officer Mark Lingafelt, testified that during his investigation, he did not know there was a camera in the courtroom. N.T., 2/9/17, at 52. Therefore, the prosecution was not aware of the existence of any recording from the courtroom, and nothing in Brady or in Pa.R.Crim.P. 573 requires the prosecution to produce evidence of which it is unaware. See Commonwealth v. Boczkowski, 846 A.2d 75, 97 (Pa. 2004) (stating that the Commonwealth does not violate Rule 573 when it fails to disclose to the defense evidence that it does not possess and of which it is unaware).

Moreover, even if the prosecution had been aware of the video recording, Appellant cannot establish prejudice. Officer Lingafelt testified that after he learned that recording equipment was present in the courtroom, he subsequently determined that courtroom recordings are video only, and no audio is recorded. N.T., 2/9/17, at 52. Because neither party disputes that there was some interaction between Appellant and Mr. Leonard, a video recording without audio would not have resulted in a different outcome at trial because there would have been no evidence of the language Appellant used, threatening or otherwise.

In her final claim of error, Appellant argues that the trial court erred when it denied her motion for a new trial because Mr. Leonard was a "confidential informant" not a "witness" under 18 Pa.C.S. § 4953, and thus, he could not be a victim of retaliation. As this issue presents a question of statutory interpretation, our scope of review is plenary and the standard of review is de novo. Commonwealth v. Grove, 170 A.3d 1127, 1141 (Pa. Super. 2017). The object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly, and the best indication of the legislature's intent is the plain language of the statute. Id. at 1142. When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit. Id. However, only when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in 1 Pa.C.S. § 1921(c). Id. (citations omitted).

Appellant suggests the term "confidential informant" is not a category of potential victims under 18 Pa.C.S. § 4953. Appellant's Brief at 16. Appellant then cites to a proposed amendment to Section 4953. Appellant argues that this proposed amendment supports her assertion that CIs cannot be victims of retaliation because they are not specifically enumerated in the current version of Section 4953.

The proposed amendment provides as follows:

(a) Offense defined.--A person commits an offense if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in retaliation for anything lawfully done in the capacity of <u>confidential informant</u>, witness, victim or a party in a civil matter.

2015 Pennsylvania House Bill No. 793 (proposed amended language underscored). The proposed amendment adds the term "confidential informant" but changes nothing else. While the proposed amendment to Section 4953 seeks to add CI as a specific category of victim, we cannot conclude that under the current law, a CI cannot be a witness.

For purposes of crimes involving victim and witness intimidation, which are enumerated in 18 Pa.C.S. §§ 4951-4958, a witness is defined as follows:

"Witness." Any person having knowledge of the existence or nonexistence of facts or information relating to any crime, including but not limited to those who have reported facts or information to any law enforcement officer, prosecuting official, attorney representing a criminal defendant or judge, those who have been served with a subpoena issued under the authority of this State or any other state or of the United States, and those who have given written or oral testimony in any criminal matter; or who would be believed by any reasonable person to be an individual described in this definition.

18 Pa.C.S. § 4951. We discern nothing ambiguous in the wording of this statute. Giving every word of the statute its plain meaning as we must,[6] Mr. Leonard satisfies every requirement for a "witness." Mr. Leonard had knowledge of facts relating to Appellant committing a drug-related crime.

_____

[6] Grove, 170 A.3d at 1142; 1 Pa.C.S. § 1921.

N.T., 2/9/17, at 24.  We conclude that Mr. Leonard was a witness as defined by the statute, and his additional or separate standing as a CI is immaterial.

For the reasons set forth above, we conclude that Appellant is entitled to no relief.  Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2018