**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Anthony B. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 28, 2004.
Filed March 18, 2005.

Gerald V. Benyo, Jr., Beaver, for appellant.

Karen Edwards, Assistant District Atty., Pittsburgh, for Com., appellee.

BEFORE: HUDOCK, GANTMAN, and POPOVICH, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, Anthony Williams, asks us to review his judgment of sentence imposed in the Allegheny County Court of Common Pleas, following his conviction on two counts of driving under the influence of alcohol ("DUI").[1] Specifically, Appellant challenges the sufficiency of the evidence and the legality of his sentence. Under the circumstances of this case, we hold the evidence was sufficient to support Appellant's DUI convictions. We further hold that the court erred when it imposed separate sentences under Section 3731(a)(1) and (a)(4)(i), for Appellant's single act of driving under the influence. Accordingly, we vacate Appellant's judgment of sentence and remand for re-sentencing.

¶ 2 The trial court opinion sets forth the relevant facts of this case as follows:

On April 27, 2002, at approximately 4:00 a.m., Officer Jones of the Edgeworth Police Department was dispatched to the Edgeworth Eat 'n Park to investigate a possible DUI. When Officer Jones arrived, he observed a silver Intrigue parked diagonally in the handicapped parking zone, taking up two spaces. Officer Jones approached the vehicle and saw [Appellant] in the driver's seat, sleeping with both of his hands on the wheel and his head against the wheel in between his hands. The engine was running with headlights on and the stereo blaring. Officer Jones opened the car door and woke up [Appellant]. [Appellant] appeared intoxicated, had trouble following instructions and admitted consuming alcohol. [Appellant] failed field sobriety tests and was transported to the police department to perform the Intoxilizer 5000 test, which resulted in a blood alcohol content (BAC) reading of .138.

Wayne Copeland testified for the defense that he had driven the silver Intrigue from a downtown club to the Edgeworth Eat 'n Park, with [Appellant] riding as a passenger. Mr. Copeland claimed that he had parked the vehicle in the handicap spaces, left the vehicle running, and then went into the Eat 'n Park to meet a lady friend. Mr. Copeland said he saw the police activity but did not go to the scene because he was scared. Likewise, [Appellant] testified that he did not drive the silver Intrigue. He stated that he was in the passenger's seat until Mr. Copeland left the vehicle. After waiting in the passenger's seat for a few minutes, he sat in the driver's seat, with the vehicle running, and just dozed off. The silver Intrigue belonged to [Appellant's] employer and only [Appellant] was permitted to drive it. This Court found the testimony of Mr. Copeland and [Appellant] to be incredible. [Appellant] was the only person in the car and the only person around when Officer Jones arrived at 4:00 a.m.

(Trial Court Opinion, filed October 29, 2003, at 1–2). Appellant proceeded to a bench trial, and on April 9, 2003, the court convicted Appellant of two counts of DUI.[2]

1. 75 Pa.C.S.A. § 3731(a)(1) and (a)(4)(i). The Pennsylvania Legislature repealed Section 3731 on September 30, 2003, P.L. 120, No. 24, § 14, effective February 1, 2004. The new DUI statute is 75 Pa.C.S.A. § 3802.

2. Appellant was acquitted of the summary offense of driving while operating privilege is

On June 11, 2003, the court sentenced Appellant to two consecutive 30–day flat terms of incarceration to be followed by two concurrent terms of 18 months of probation. Appellant timely filed a post-sentence motion on June 23, 2003,[3] which the court denied on August 11, 2003. This timely appeal followed. The trial court ordered a Rule 1925(b) concise statement of matters complained of on appeal, and Appellant timely complied with that order.

¶ 3 Appellant raises the following issues for our review:

WHETHER THE CONVICTION FOR DRIVING UNDER THE INFLUENCE WAS SUPPORTED BY SUFFICIENT EVIDENCE WHEN: (1) THE ACCUSED WAS NEVER SEEN OPERATING OR DRIVING THE MOTOR VEHICLE; (2) COMMONWEALTH WITNESSES DID NOT ESTABLISH HOW LONG THE VEHICLE WAS PARKED PRIOR TO THE ARRIVAL OF THE ARRESTING OFFICER; (3) THE VEHICLE'S LIGHTS WERE ON AND THE MOTOR WAS RUNNING WITH THE TRANSMISSION IN PARK; (4) THE ACCUSED WAS ASLEEP IN THE DRIVER'S SEAT WITH HIS HANDS AND HEAD RESTING ON THE STEERING WHEEL; AND (5) THE COMMONWEALTH FAILED TO ESTABLISH THAT ALCOHOLIC BEVERAGES WERE NOT SOLD IN CLOSE PROXIMITY TO THE AREA WHERE THE VEHICLE WAS PARKED.

WHETHER APPELLANT MAY BE LEGALLY SENTENCED TO A 30– DAY INCARCERATION FOR CONVICTION OF 75 [Pa.C.S.A.] 3731(A)(1) FOLLOWED BY A CONSECUTIVE 30–DAY INCARCERATION FOR A CONVICTION OF 75 [Pa.C.S.A.] 3731(a)(4)[ (i) ] WHEN SUCH ALLEGED CRIMINAL CONDUCT RESULTED FROM A SINGLE INCIDENT WHERE THE COMMONWEALTH ALLEGED THAT [APPELLANT] WAS FOUND ASLEEP IN THE DRIVER'S SEAT OF HIS VEHICLE WITH THE MOTOR RUNNING AND HEADLIGHTS ON.

(Appellant's Brief at 5).

■ ¶ 4 In his first issue, Appellant argues the Commonwealth did not prove he was in "actual physical control" of the vehicle while under the influence of alcohol. The Commonwealth introduced testimony that the arresting officer found Appellant in a vehicle parked outside a restaurant, asleep in the driver's seat with his hands on the wheel and his head resting on his hands. The engine of the vehicle was running, the headlights were on, and the transmission was in park position. Appellant maintains the Commonwealth could not establish how long the vehicle had been in the parking lot, except that it had appeared sometime between 1:00 a.m. and 4:00 a.m. Appellant further contends the Commonwealth failed to eliminate the possibility that Appellant did not consume alcoholic beverages in the Eat 'n Park parking lot or that alcoholic beverages were not sold in the vicinity of the Eat 'n Park. Appellant asserts there was no

----

·suspended or revoked (75 Pa.C.S.A. § 1543) and a related parking violation (75 Pa.C.S.A. § 3354).

**3.** Pennsylvania Rule of Criminal Procedure 720(A)(1) requires that written post-sentence motions shall be filed no later than 10 days after the imposition of sentence. Pa. R.Crim.P. 720(A)(1). Here, the tenth day after Appellant's sentencing fell on Saturday, June 21, 2003. His post-sentence motion was timely filed on the last permissible date, Monday, June 23, 2003.

public safety issue involved here, because the vehicle was off the roadway and was not moving. Appellant concludes the evidence was insufficient to support his DUI convictions.[4] We disagree.

¶ 5 A challenge to the sufficiency of the evidence is a question of law, subject to plenary review. *Commonwealth v. Weston*, 561 Pa. 199, 203 n. 8, 749 A.2d 458, 460 n. 8 (2000). "When reviewing a sufficiency of the evidence claim, the appellate court must review all of the evidence and all reasonable inferences drawn therefrom in the light most favorable to the Commonwealth, as the verdict winner." *Id.* at 204, 749 A.2d at 461. "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." *Id.* The Commonwealth "need not preclude every possibility of innocence" or establish the defendant's guilt to a mathematical certainty. *Commonwealth v. Johnson*, 833 A.2d 260, 264 (Pa.Super.2003). "Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. *Commonwealth v. Robertson–Dewar*, 829 A.2d 1207, 1211 (Pa.Super.2003), *appeal denied*, 576 Pa. 712, 839 A.2d 352 (2003) (quoting *Commonwealth v. Lambert*, 795 A.2d 1010, 1014–15 (Pa.Super.2002), *appeal denied*, 569 Pa. 701, 805 A.2d 521 (2002)).

¶ 6 At the time of Appellant's offense,[5] Section 3731 (now repealed) of Pennsylvania's Motor Vehicle Code provided in relevant part:

## § 3731. Driving under influence of alcohol or controlled substance

**(a) Offense defined.**-A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

\* \* \*

(4) While the amount of alcohol by weight in the blood of:

(i) an adult is 0.10% or greater;

\* \* \*

75 Pa.C.S.A. § 3731(a)(1), (a)(4)(i). "The term 'operate' requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Johnson, supra* at 263. "Our precedent indicates that a combination of the following factors is required in determining whether a person had 'actual physical control' of an automobile: the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Commonwealth v. Woodruff*, 447 Pa.Super. 222, 668 A.2d 1158, 1161 (1995). A determination of actual physical control of a vehicle is based upon the totality of the circumstances. *Commonwealth v. Wolen*, 546 Pa. 448, 450, 685 A.2d 1384, 1385 (1996) (plurality). "The Commonwealth can establish through wholly circumstantial evidence that a defendant was driving, operating or in actual physical control of a motor vehicle." *Johnson, supra* at 263.

---

**4.** Appellant does not challenge the result of his BAC test.

**5.** A defendant can be convicted only under statutes in effect on the date of his acts. *See* generally *Commonwealth v. Benner*, 853 A.2d 1068 (Pa.Super.2004); *Commonwealth v. Zugay*, 745 A.2d 639 (Pa.Super.2000), *appeal denied*, 568 Pa. 662, 795 A.2d 976 (2000).

¶ 7 In the instant case, the trial court reasoned as follows:

A finding of actual physical control requires more than a motorist behind the wheel with the motor running.[2] The totality of the circumstances must support an inference that the defendant drove the vehicle while intoxicated.[3]

2 In *Commonwealth v. Byers,* 437 Pa.Super. 502, 650 A.2d 468 ( [Pa.Super.] 1994), the Superior [C]ourt concluded there was no actual physical control where the motorist was found asleep behind the wheel of his running car, because the car had not moved from the parking lot of the bar where the motorist had been drinking. The reasoning of *Byers* does not apply to the instant case [because] there was no evidence that the defendant consumed alcohol near the Eat 'n Park. 3 In *Commonwealth v. Lehman,* [ ] 820 A.2d 766 (Pa.Super.2003)[, *appeal granted,* 575 Pa. 684, 834 A.2d 1141 (2003) ], actual physical control was found where the motorist was slumped over in the driver's seat in the parking lot of [a] closed retail store. The engine was running and the vehicle was perpendicular to the road, ready to pull into traffic. The motorist admitted he had driven after an evening of consuming alcohol. In *Commonwealth v. Yaninas,* 722 A.2d 187 (Pa.Super.1998), actual physical control was found where the motorist was sleeping in the driver's seat of his running car with an open beer can

between his legs. The car was parked on the berm of a highway. In [*Woodruff, supra*], actual physical control was found where the motorist was slumped over the wheel with [the] engine running and the car on the berm of the road, with the side tires in [the] traffic lane. The car was 50 yards away from a store where the motorist had purchased between 12 and 24 cans of beer, some of which were empty when the motorist was found.

\* \* \*

The facts of the instant case are...[t]he [Edgeworth] Eat 'n Park is a restaurant that does not serve alcoholic beverages. There was no evidence that [Appellant] consumed alcohol nearby. The car was parked diagonally in the handicapped spaces. [Appellant] was sitting in the driver's seat with the radio on, the engine running and his hands on the wheel. This [c]ourt did not find the testimony offered by the defense that someone else was driving the vehicle to be credible. The totality of the circumstances, including the location and position of the vehicle and the running engine, supported an inference that [Appellant] drove his vehicle while intoxicated to the parking lot of the Eat 'n Park. The evidence was sufficient to establish that [Appellant] was in actual control of a motor vehicle at the time of his arrest.

(Trial Court Opinion at 3–4). We accept the trial court's analysis.[6] The trial evi-

---

**6.** We note *Commonwealth v. Saunders,* 456 Pa.Super. 741, 691 A.2d 946 (1997), *appeal denied,* 550 Pa. 703, 705 A.2d 1307 (1997), involved review of an order granting a pretrial motion for *habeas corpus.* The Commonwealth asked the *Saunders* Court to decide whether the Commonwealth had presented a *prima facie* case that the appellee had been in actual physical control of his vehicle at the time of his arrest.

In the present case, the trial court relied on various Superior Court cases, which specifically addressed challenges to the sufficiency of the evidence to support DUI convictions. Thus, the trial court's reference to *Saunders* does not compromise its decision in the present case.

dence disclosed that police found Appellant at 4:00 a.m. in his car with the headlights on, radio on, and engine running. The car was parked diagonally across two handicapped spaces in front of an establishment that did not serve alcoholic beverages. Appellant's employer owned the car, and only Appellant had permission to drive it. Appellant was in the driver's seat with his hands and head on the wheel. Appellant showed visible signs of intoxication, admitted drinking, failed several field sobriety tests, and had a BAC of .138%. Finally, the court specifically rejected as incredible Appellant's defense that someone else had been driving the vehicle. Based upon our review of the evidence in the light most favorable to the Commonwealth, we see no reason to disturb the trial court's decision, and deny Appellant relief on this claim.

■■■ ¶ 8 In his second issue, Appellant maintains he was accused of only one act; that is, "being under the influence of alcohol that rendered him incapable of safe driving while in actual physical control of a motor vehicle. The Commonwealth was also able to convince the court that not only was [Appellant] under the influence to [a] degree that rendered him incapable of safe driving, [Appellant] was also *per se* incapable of safe driving as his blood alcohol level was over 0.10%." (Appellant's Brief at 16). Appellant insists the two subsections of the statute do not support separate sentences. Appellant reasons:

> One crime is also a lesser-included offense of another crime if, while considering the underlying factual circumstances, the elements constituting the lesser crime as charged are all included within the elements of the greater crime, and the greater offense includes at least one additional element that is not a requisite for committing the lesser crime. . . .

The only difference between the (a)(1) and (a)(4)[ (i) ] DUI offense is the manner of proof required to establish intoxication. An (a)(1) offense requires only that the testimony establish that a defendant was under the influence to an extent to prohibit safe driving. The (a)(4)[ (i) ] offense requires that the Commonwealth produce a scientific/medical test to establish blood alcohol by weight in the blood is over .10% for an adult. The same elements of: (1) driving, operating or actual physical control of the movement of a motor vehicle; and (2) being under the influence remain consistent.

(*Id.* at 17). Appellant maintains his sentence is illegal, because it consists of separate sentences under these two subsections of the DUI statute, although they arose from a single act. Appellant concludes he is entitled to have his sentence modified so he will be required to serve only one 30–day incarceration followed by only one probationary period.

¶ 9 The Commonwealth candidly responds that separate and consecutive sentences under these two specific subsections of the DUI statute at issue are inappropriate for Appellant's single act. The Commonwealth reasons the Legislature intended Section 3731(a)(1) and (a)(4)(i) to represent alternative bases of liability for a single harm. "As a result," the Commonwealth writes, "[A]ppellant's single act of driving under the influence [of alcohol], whether proven by his being in actual physical control of his vehicle or proven by the requisite BAC level, does not allow for more than one penalty." (Commonwealth's Brief at 17). The Commonwealth suggests, however, that the proper resolution of this matter is to vacate Appellant's judgment of sentence and remand for re-sentencing. We agree.

¶ 10 Initially, we note: "The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary." *Commonwealth v. Kennedy*, 2005 PA Super 48, ¶ 20, 868 A.2d 582 (2005). Additionally, the trial court's application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law. *Commonwealth v. Wall*, 2005 PA Super 24, 867 A.2d 578 (2005).

¶ 11 Further,

The Double Jeopardy Clause bars successive prosecutions and multiple punishments for the same offense. Two offenses are treated as the same for purposes of such protection unless **each** requires proof that the other does not.

\* \* \*

Application of the double jeopardy bar is frequently addressed in the context of greater and lesser included offenses.

\* \* \*

Thus, under the present jurisprudence...the appropriate inquiry...examines whether the elements of one offense are a subcomponent of another, with the greater offense including **at least one** additional element.

*Commonwealth v. Buffington*, 574 Pa. 29, 39–41, 828 A.2d 1024, 1029–31 (2003) (internal citations and quotation marks omitted) (emphasis added). If the elements of the offenses overlap, and the greater offense includes at least one additional and different element that the lesser offense does not include, whereby the greater offense subsumes the lesser offense, then the offenses merge for sentencing purposes. *Commonwealth v. Collins*, 564 Pa. 144, 147, 764 A.2d 1056, 1058 (2001).

Generally, the doctrine of merger is a rule of statutory construction designed to determine whether the legislature intended for the punishment of one offense to encompass that for another offense arising from the same criminal act or transaction. If the legislature were to tell us that crime A merges with crime B, the problem would not arise, for the legislative intent would be manifest. It is in cases where the legislature has not given direction that we must devise a rule. Consistent application of an accepted merger analysis has proven to be a difficult task.

*Id.* at 147, 764 A.2d at 1057 (citing *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994)). The *Anderson* Court also stated there is no functional "difference between a double jeopardy analysis and a merger analysis: double jeopardy and merger are identical and the operative consideration in both is whether the elements of the offenses are the same or different." *Id.* at 581, 650 A.2d at 23.

¶ 12 Subsequently, our Supreme Court endeavored to clarify Pennsylvania's merger law as follows:

To the extent that our merger jurisprudence is confusing, we now definitively state, for bench and bar, the standard for determining when convictions should merge for purposes of sentencing. The preliminary consideration is whether the facts on which both offenses charged constitute one solitary criminal act. If the offenses stem from two difference criminal acts, merger analysis is not required. If, however, the event constitutes a single criminal act, a court must then determine whether or not the two convictions should merge. In order for two convictions to merge: (1) the crimes must be greater and lesser-included offenses; and (2) the crimes charged must be based on the same facts. If the

crimes are greater and lesser-included offenses and are based on the same facts, the court should merge the convictions for sentencing; if either prong is not met, however, merger is inappropriate.

*Commonwealth v. Gatling*, 570 Pa. 34, 48–49, 807 A.2d 890, 899 (2002) (plurality). However, *Gatling* did not obtain a majority. As a result, this Court continues to apply *Anderson*, *supra*, which stated:

> Whether the criminals in these cases committed one act or many is of no import. In either event, so long as the crimes are not greater and lesser included offenses, [the perpetrators] are liable for as many crimes as they are convicted of and may be sentenced for each such crime.

\* \* \*

> We now hold that in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses. "The same facts" means any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal plan, scheme, transaction or encounter, or multiple criminal plans, schemes transactions or encounters.

\* \* \*

> The question which arises on our reformulation of the rule is whether [a] single criminal act will support convictions and sentences for more than one crime. In order to answer this question, we must consider whether [the offenses] are greater and lesser included offenses.

*Id.* at 579–80, 650 A.2d at 22–23. *See, e.g., Commonwealth v. Goins*, 2004 PA Super 489, 867 A.2d 526 (2004) (holding offenses of theft by unlawful taking or disposition and theft by deception merge for sentencing purposes, where defendant wrongfully accepted delivery of a package addressed to another, claiming to be the named addressee's nephew); *Commonwealth v. Murray*, 836 A.2d 956 (Pa.Super.2003) (holding offenses of recklessly endangering another person and driving under the influence did not merge for sentencing, where defendant operated his vehicle while under the influence of alcohol, with his eight-year-old child in the front seat; REAP does not require the influence of alcohol and DUI does not require the driver to place another person in danger of injury); *Commonwealth v. Duffy*, 832 A.2d 1132 (Pa.Super.2003), *appeal denied*, 577 Pa. 694, 845 A.2d 816 (2004) (holding statutory sexual assault was not lesser included offense of sexual assault and did not merge for sentencing, because both crimes require proof of at least one element that other crime did not; sexual assault requires proof of lack of consent, whereas statutory sexual assault requires proof that complainant was under 16 years old, perpetrator was at least four years older than complainant, and perpetrator and complainant were not married).

¶ 13 *See also Commonwealth v. Wesley*, 860 A.2d 585 (Pa.Super.2004) (holding offenses of aggravated assault and attempted murder did not merge for sentencing, where defendant initially shot victim in back; when victim turned around to grab defendant's gun, defendant fired the gun blowing off victim's finger; defendant immediately shot victim five more times in the stomach and leg; defendant's actions constituted separate criminal acts); *Commonwealth v. Healey*, 836 A.2d 156 (Pa.Super.2003) (holding offenses of simple assault and resisting arrest did not merge for sentencing, where defendant swung his elbow into arresting officer's head, then

began to run away, and when officer tried to subdue defendant, he kicked officer in the legs and elbowed her again in the head; defendant's actions constituted separate acts); *Commonwealth v. Miller*, 835 A.2d 377 (Pa.Super.2003) (holding offenses of sexual assault and corruption of minors did not merge for sentencing, where defendant sexually assaulted his girlfriend's seven-year-old niece on various occasions for about one year; defendant's actions constitutes separate acts); *Commonwealth v. Kitchen*, 814 A.2d 209 (Pa.Super.2002), *affirmed*, 576 Pa. 229, 839 A.2d 184 (2003) (holding offenses of creating and possessing child pornography did not merge for sentencing purposes, where defendant photographed his 16-year-old paramour in sexually explicit poses, over sixty different times, and retained photographs for subsequent viewing; offenses constituted separate acts).

¶ 14 When considering whether the merger doctrine bars separate sentences for convictions of two different provisions of the **same** statute, this Court stated:

> To resolve this challenge we need not engage in the traditional merger analysis of lesser and greater included offenses. Instead we examine the rationale favoring merger where a defendant has engaged in a single criminal act and he is found guilty of violating more than one section of a statute. If the sections that [the defendant] has violated are designed to proscribe a single harm and the defendant in violating them committed one act, then the sentences merge. Otherwise the sentences would constitute more than one punishment for the same crime and be impermissible as violative of double jeopardy.

*Commonwealth v. Dobbs*, 452 Pa.Super. 488, 682 A.2d 388, 391 (1996) (holding aggravated assault statute presented five alternative bases for culpability; where only one act is at issue, only one sentence is appropriate).[7]

¶ 15 Addressing virtually identical subsections of a prior DUI statute, our Supreme Court held that convictions under Section 3731(a)(1) and (a)(4)(i) did not warrant separate sentences, where only one act was at issue:

> [A]n offense under Section 3731 may be proven by evidence that an individual operated a vehicle under the influence of alcohol to a degree that rendered him incapable of safe driving (subsection (a)(1)), or, while the amount of alcohol by weight in his blood was .10 percent or greater (subsection (a)(4)[ (i) ] ).

> \* \* \*

> Understood in this manner, the driving under the influence statute proscribes a single harm to the Commonwealth—the operation of a vehicle under the influence to a degree that renders an individual incapable of safe driving. The fact that the offense may be established as a matter of law if the Commonwealth can produce the necessary chemical test does not constitute proof of a different offense, but merely represents an alternative basis for finding culpability.

*Commonwealth v. McCurdy*, 558 Pa. 65, 73, 735 A.2d 681, 685–86 (1999) (internal citations omitted) (reversing *Commonwealth v. Slingerland*, 358 Pa.Super. 531, 518 A.2d 266 (1986) and *Commonwealth v. Fry*, 340 Pa.Super. 445, 490 A.2d 862 (1985), to the extent those decisions were inconsistent with *McCurdy* holding).[8]

---

7. The *Dobbs* case was decided two years after our Supreme Court decided *Anderson*.

8. In *Commonwealth v. McMullen*, 756 A.2d 58 (Pa.Super.2000), *appeal denied*, 565 Pa. 667, 775 A.2d 804 (2001), this Court held that 75 Pa.C.S.A. § 3731(a)(4)(ii), relating to under-

¶ 16 Subsequently, this Court examined Section 3731(a)(1) and (a)(4)(i) of the statute in effect at the time of Appellant's offense and reasoned:

> The general standard of subsection (a)(1) permits proof of the offense by any evidentiary means, including evidence of outward symptoms such as bloodshot eyes, irregular driving patterns, odor of alcohol, slurred speech, admissions of drinking, etc. Our [S]upreme [C]ourt has recently reiterated:
>
> > ...[S]ubsection (a)(1) is a general provision and provides no specific restraint upon the Commonwealth in the manner in which it may prove that an accused operated a vehicle under the influence of alcohol to a degree which rendered him incapable of safe driving.
>
> Along with other type of evidence, BAC evidence may also be used to prove charges under (a)(1). Thus:
>
> > Where a defendant is charged with a violation of [S]ection 3731(a)(1), a [qualifying] test result is but one piece of evidence to be considered in deciding whether the person was under the influence.
>
> No expert testimony is needed in order for BAC evidence to be admissible in a conviction for (a)(1), since a defendant may be convicted of that offense despite the fact that the defendant's blood-alcohol level could not be related back to the time of the defendant's driving. The amount of time elapsed between the time of last driving and the blood sample is not dispositive of its admissibility in a prosecution of subsection (a)(1) and only affects the weight of the evidence, which is fully subject to attack through evidence for the defendant.
>
> * * *
>
> In contrast to subsection (a)(1), subsection (a)(4)[ (i) ] of the DUI statute is an "illegal *per se*" law, making it illegal to drive [when] one's BAC is 0.10% or greater. This subsection mandates strictly that the Commonwealth prove beyond a reasonable doubt that a defendant's BAC was over 0.10% **while** he was actually driving.

*Zugay, supra* at 646–47 (internal citations and quotation marks omitted) (emphasis in original).

¶ 17 Finally, with respect to the general rules of statutory construction, Section 1923 in pertinent part provides:

> § 1923   **Grammar and punctuation of statutes**
>
> * * *
>
> (b) In no case shall the punctuation of the statute control or affect the intention of the General Assembly in the enactment thereof but punctuation may be used in the construction thereof if the statute was finally enacted after December 31, 1964.
>
> * * *

1 Pa.C.S.A. § 1923(b).

¶ 18 Instantly, we recognize the DUI statute has undergone constitutional attack and several legislative revisions in recent years. Nevertheless, Pennsylvania law has consistently expressed and read subsections (a)(1) and (a)(4)(i) of the statute as constituting a single injury to the Com-

---

age DUI, was a separate and distinct offense from Section 3731(a)(1). The *McMullen* Court made this statement in the context of examining the constitutionality of (a)(4)(ii) with respect to a due process challenge. The Court was not analyzing the statute for sentencing purposes. In any event, *McMullen* does not affect our present analysis of (a)(4)(i).

monwealth. *See* 75 Pa.C.S.A. § 3731(a)(1), (a)(4)(i); *McCurdy, supra; Dobbs, supra.* Guided by these cases along with *Zugay, supra,* we need not engage in the traditional greater/lesser included offense analysis. Instead, we conclude the *McCurdy* interpretation of the DUI statute remains viable, despite later statutory reenactment; and the offense, as defined in subsections (a)(1) and (a)(4)(i), should not subject Appellant to separate sentences for a single act.[9]

¶ 19 We further reject the trial court's reliance on the punctuation of the statute at issue as controlling. In the statute's numerous incarnations, the legislature has variously used semi-colons or periods to separate the individual subsections, set forth in the statute as "definitions" of the offense. We do not think Appellant's single act of driving under the influence of alcohol supports separate sentences under subsections (a)(1) and (a)(4)(i), simply because he happened to be charged under a particular version of the statute that used periods, instead of semi-colons and the word "or," between the pertinent subsections. *See* 1 Pa.C.S.A. § 1923(b). Thus, we conclude the trial court erred as a matter of law when it sentenced Appellant to two consecutive sentences of 30 days' incarceration to be followed by two concurrent terms of probation, for a single act. *See Kennedy, supra; Wall, supra.*

¶ 20 Finally, we see in the certified record that the court issued a companion sentencing order, directing Appellant to install an ignition interlock device on each motor vehicle he owns or over which he has lawful control, pursuant to 42 Pa.C.S.A. § 7002(b). Appellant has not challenged this order. Nevertheless, if a court does not have statutory authority to order a particular act, the order must be vacated. *Commonwealth v. Randal,* 837 A.2d 1211 (Pa.Super.2003) (*en banc*); *Commonwealth v. Arest,* 734 A.2d 910 (1999) (*en banc*); *Commonwealth v. Thier,* 444 Pa.Super. 78, 663 A.2d 225 (1995), *appeal denied,* 543 Pa. 703, 670 A.2d 643 (1996). In light of the Pennsylvania Supreme Court's decision in *Commonwealth v. Mockaitis,* 575 Pa. 5, 834 A.2d 488 (2003), a sentencing court has no statutory authority to order installation of interlock ignition devices.[10] *Id.; Randal, supra; Commonwealth v. Lipinski,* 841 A.2d 537 (Pa.Super.2004).

¶ 21 Pursuant to *Mockaitis, Randal,* and *Lipinski,* the trial court was without statutory authority to order Appellant to install an ignition interlock system on each motor vehicle he owns or over which he has lawful control. Thus, we vacate the judgment of sentence as well as the court's companion order directing Appellant to install ignition interlock system(s). In so doing, we have disturbed the court's overall sentencing scheme. Accordingly, we remand the matter for re-sentencing. *See Commonwealth v. Bartrug,* 732 A.2d 1287 (Pa.Super.1999), *appeal denied,* 561 Pa. 651, 747 A.2d 896 (1999) (citing *Commonwealth v. Vanderlin,* 398 Pa.Super. 21, 580 A.2d 820, 831 (1990) (holding that if trial court errs in its sentence on one count in multi-count case, then all sentences for all counts will be vacated so court can restructure its entire sentencing scheme). *See also Commonwealth v. Goldhammer,* 512 Pa. 587, 517 A.2d 1280 (1986), *certiorari denied,* 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987)) (stating, "When a de-

---

**9.** The relevance of this analysis continues, even in light of the recent reenactment of the DUI statute at 75 Pa.C.S.A. § 3802.

**10.** The Pennsylvania Legislature repealed the ignition interlock devices statute, found at 42 Pa.C.S.A. §§ 7001–7003, on September 30, 2003, effective February 1, 2004.

fendant challenges one of several interdependent sentences, he, in effect, challenges the entire sentencing plan"; if appellate court alters overall sentencing scheme, then remand for re-sentencing is proper).

¶ 22 Based on the foregoing, we hold Appellant was in actual physical control of his vehicle such that the evidence was sufficient under the circumstances of this case to support his DUI convictions. Nevertheless, the imposition of separate sentences under Section 3731(a)(1) and (a)(4)(i) for Appellant's single act of driving under the influence, constitutes an illegal sentence. Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing.

¶ 23 Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction is relinquished.