J-A05016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JEFFREY DAVID BURTON | : | |
| | : | |
| Appellant | : | No. 1468 WDA 2017 |

Appeal from the Judgment of Sentence Entered August 3, 2017
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0014040-2016

BEFORE:  GANTMAN, P.J.E., SHOGAN, J., and MURRAY, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 12, 2019**

Appellant, Jeffrey David Burton, appeals from the judgment of sentence entered August 3, 2017, in the Court of Common Pleas of Allegheny County. After careful consideration, we vacate in part and affirm in part.

The trial court summarized the factual and procedural history of this case as follows:

> [Appellant] was charged by criminal information (201614040) with one count each of driving while under the influence[("DUI")]-general impairment (BAC .08-.10),[1] possession of a firearm prohibited,[2] firearms not to be carried without a license,[3] fleeing or attempting to elude officer,[4] accidents involving death or personal injury,[5] accident involving damage to attended vehicle/property,[6] reckless driving,[7] disregard traffic lanes,[8] driving at safe speed,[9] follow too closely,[10] no rear lights,[11] and no headlights.[12]  Additionally Appellant was charged with two counts of driving while under the influence-general impairment (incapable of safe driving),[13] and four counts of recklessly endangering another person.[14]

> [1]  75 Pa.C.S. § 3802 §§A2.

² 18 Pa. C.S. § 6105 §§A1.
³ 18 Pa. C.S. § 6106 §§A1.
⁴ 75 Pa. C.S. § 3733 §§A.
⁵ 75 Pa. C.S. § 3742 §§A.
⁶ 75 Pa. C.S. § 3743§§ A.
⁷ 75 Pa. C.S. § 3736§§ A.
⁸ 75 Pa. C.S. § 3309§§ 1.
⁹ 75 Pa. C.S. § 3361.
¹⁰ 75 Pa. C.S. § 3310§§ A.
¹¹ 75 Pa. C.S. § 4303§§ B.
¹² 75 Pa. C.S. § 4303§§ A.
¹³ 75 Pa. C.S. § 3802§§ A1.
¹⁴ 18 Pa. C.S. § 2705.

On May 18, 2017, Appellant pled guilty to all aforementioned charges. On August 3, 2017, Appellant was sentenced by the Trial Court as follows:

Count one: driving while under the influence-general impairment (BAC .08-.10)-six months of probation to be served concurrent to the period of incarceration imposed at count four.

Count four: possession of a firearm prohibited-four to eight years incarceration;

Count six: fleeing or attempting to elude officers-one to two years incarceration to be served consecutive to the period of incarceration imposed at count four;

Count seven: accidents involving death or personal injury-one to two years incarceration to be served consecutive to the period of incarceration imposed at count six; and

All remaining counts: no further penalty.[1]

Thus, the aggregate sentence was six to twelve years incarceration.

_____

[1] At the remaining counts, the sentencing order reflects "[a] determination of guilty without further penalty." Sentencing Order, 8/3/17, at 1-2.

On August 8, 2017, Appellant filed post-sentence motions, which were denied by the Trial Court on September 15, 2017.

This timely appeal follows.

Trial Court Opinion, 7/26/18, at 2-4. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

I. Whether [Appellant's] sentence was illegal because he received a sentence on three counts of DUI under 75 Pa.C.S. §3802(a) for one instance of drunk driving, in contravention of ***Commonwealth v. Farrow***, 168 A.3d 207 (Pa. Super. 2017).

II. Did the trial court fail to consider and apply all relevant sentencing criteria, including the protection of the public, the gravity of the offense/violation, and especially [Appellant's] character and rehabilitative needs, as required under 42 Pa.C.S. § 9721(b) (sentencing generally; general standards), thus making [Appellant's] sentence excessive and unreasonable?

Appellant's Brief at 6 (issues renumbered for ease of disposition).

Appellant's first issue challenges the legality of his sentence. Appellant argues that his two convictions under Section 3802(a)(1) and one conviction under Section 3802(a)(2) are virtually identical in that they all allege that Appellant operated a vehicle "after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely driving, operating or being in

- 3 -

actual physical control of the vehicle."[2]  Appellant's Brief at 28.  Thus, Appellant contends that his sentences at counts two and three must be vacated because they violate the Fifth Amendment of the United States Constitution and Article 1, Section 10 of the Pennsylvania Constitution on double jeopardy grounds.  *Id.* at 29.

Specifically, Appellant maintains that pursuant to **Farrow**, 168 A.3d at 215-218, his sentence at count two must be vacated as he cannot be subjected to multiple punishments for the same act of driving under the influence.  Appellant's Brief at 32.  Appellant further posits:

> This Honorable Court should extend the holding in **Farrow** to prohibit a sentencing court from imposing multiple punishments for a single act under the same general subsection of 75 Pa.C.S. § 3802.  In other words, this Honorable Court should also find that [Appellant's] sentence at Count 3 must be vacated for the same reasons established above for Count 2 – [Appellant] was convicted for DUI:  General Impairment at Count 1 because the Commonwealth was able to establish that [Appellant's] BAC was between 0.08% - 0.10%.  This evidence proved his guilt at 75 Pa.C.S. . . . §3804(a)(1).  Thus, [Appellant] was convicted of DUI under 3802(a), and the Commonwealth should not be able to convict him for a second DUI for one criminal act.

Appellant's Brief at 32-33 (footnote omitted).

Moreover, Appellant argues that, even if **Farrow** is not extended to Appellant's sentence at count three, count three must be vacated under "a

---

[2]  At count one, Appellant was charged with and convicted of violating 75 Pa.C.S. § 3802(a)(2).  Criminal Information, 11/10/16, at 1; Sentencing Order, 8/3/17, at 1.  At counts two and three, Appellant was charged with and convicted of violating 75 Pa.C.S. § 3802(a)(1).  *Id.*

different application of the Double Jeopardy Clause." **Id.** at 33. Appellant contends that this Court has held that for sentencing purposes all counts of DUI arising from the same instance of drunk driving must merge; he cites to **Commonwealth v. McCoy**, 895 A.2d 18, 26-27 (Pa. Super. 2006), and **Commonwealth v. Williams**, 871 A.2d 254, 264-267 (Pa. Super. 2005), in support of this assertion. **Id.** at 34.

Because Appellant's contentions plainly challenge the legality of his judgment of sentence under double jeopardy principles, we conclude that the present claim is not subject to waiver and may be raised for the first time on appeal. **See Commonwealth v. Foster**, 960 A.2d 160, 164 (Pa. Super. 2008) ("[A]rgument premised upon double jeopardy-merger principles is considered to relate to the legality of sentence."). "The issue of whether a sentence is illegal is a question of law; therefore, our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary." **Commonwealth v. Kennedy**, 868 A.2d 582, 590 (Pa. Super. 2005).

In **Farrow**, 168 A.3d 207, Farrow was convicted of three counts of DUI-general impairment, in violation of 75 Pa.C.S. § 3802(a)(1), stemming from a single episode of criminal conduct. Count one charged Farrow with DUI-general impairment and the enhancement for refusing breath/blood alcohol testing in violation of 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3804(c) of the Motor Vehicle Code. **Id.** at 209. Count two charged Farrow with DUI-general

impairment, where an accident resulting in damage to a vehicle occurred in violation of 75 Pa.C.S. § 3802(a)(1) and 75 Pa.C.S. § 3804(b). *Id.* Count three charged Farrow with DUI-general impairment in violation of 75 Pa.C.S. § 3802(a)(1).[3] *Id.*

Farrow was convicted at all counts. At count one, Farrow was sentenced to three to six days of incarceration, together with a concurrent term of six months of probation. *Farrow*, 168 A.3d at 210. At counts two and three, the trial court entered a determination of "guilty without further penalty." *Id.*

On appeal, Farrow argued that the trial court violated the protection against double jeopardy under the United States and Pennsylvania Constitutions in convicting and sentencing her for three DUI offenses of the same statutory provision stemming from a single episode of criminal conduct. *Id.* at 210-211. In considering Farrow's claim, this Court outlined the applicable law as follows:

> The Double Jeopardy Clause, applicable to the States through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." Furthermore, the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

---

[3] Not relevant to our discussion but of note because this Court affirmed the conviction, count four charged Farrow with accident involving damage to attended vehicle in violation of 75 Pa.C.S. § 3743. *Farrow*, 168 A.3d at 209.

Typically, to determine whether a defendant's protection from multiple punishments for the same offense has been violated, we apply the test set forth in [**Blockburger v. United States**, 284 U.S. 299 (1932);] **see Commonwealth v. Beckwith**, 449 Pa.Super. 433, 674 A.2d 276, 279 (1996). The [United States] Supreme Court explained this test as follows:

In both the multiple punishment and multiple prosecution contexts, the United States Supreme Court has concluded that where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. The same-elements test, sometimes referred to as the **Blockburger** test, inquires whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution.

We have long followed the "same-elements" test of **Blockburger** in this Commonwealth.

**Farrow**, 168 A.3d at 214-215 (some internal citations and quotations omitted).

After setting forth these general principles, however, this Court acknowledged that Farrow's claim was "unusual," as she did not rely on the **Blockburger** test since there was no doubt that her three DUI-general impairment convictions under Section 3802(a)(1) all involved the same elements. **Farrow**, 168 A.3d at 215. We acknowledged that a court may impose "guilt without further penalty" as a sentence under 42 Pa.C.S. § 9721(a)(2), and accordingly, we treated the dispositions at counts two and three as sentences for purposes of the double jeopardy analysis. **Id.** In analyzing the matter and considering precedent, we distinguished the

situation in *Farrow* from other cases because "the issue [in *Farrow*] is whether a single criminal act can result in multiple sentences for violations of the **same** DUI provision" and not as a result of multiple convictions under **distinct** DUI statutes. *Id.* at 217 (emphasis in original). We concluded that it cannot. *Id.* In reaching this conclusion, we explained:

> The doctrine of merger applies w[h]ere multiple "crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. Where these conditions are met, "the court may sentence the defendant only on the higher graded offense." Here, in contrast, a single criminal act violated a single criminal statute and the resulting sentence was subject to two distinct § 3804 enhancements, so long as proper notice and adjudicatory standards were followed. **The concept of merger is inapplicable in these circumstances.**

*Id.* at 218 (internal citation omitted) (emphasis added). As a result, this Court vacated Farrow's convictions and sentences at counts one and two, affirmed her conviction but vacated her sentence and remanded for resentencing at count three.[4] *Id.* at 219.

Applying *Farrow* to the matter before us, we are constrained to vacate Appellant's conviction and sentence at count two. As in *Farrow*, herein convictions at counts one through three result from one incident of criminal conduct. Counts two and three are convictions of the identical DUI provision: Section 3802(a)(1). Furthermore, the fact that the sentence at those two

---

[4] This Court affirmed Farrow's conviction and sentence at count four. *Farrow*, 168 A.3d at 219.

counts is "[a] determination of guilty without further penalty" does not change that determination. As explained in **Farrow**, that determination constitutes a punishment for purposes of double jeopardy analysis. **Farrow**, 168 A.3d at 215. As such, **Farrow** makes clear that one of these two counts must be vacated because the trial court imposed multiple punishments for offense of the same statutory subsection in violation of double jeopardy protections. Thus, we vacate Appellant's conviction and sentence entered at count two.[5]

We next address Appellant's claim that **Farrow** should be extended to require that Appellant's conviction at count three also be vacated. We cannot agree that the determination in **Farrow** mandates vacation of Appellant's conviction at count three. As noted, Appellant's conviction at count one is for violation of Section 3802(a)(2), and his conviction at count three is for violation of Section 3802(a)(1). This scenario was not the scenario before the court in **Farrow**. As explained, **Farrow** dealt with multiple convictions of the same statutory subsection, specifically Subsection 3802(a)(1), and thus, it is not determinative of the issue Appellant places before this Court. For reasons based on other precedent, however, we conclude that Appellant's judgment of sentence at count three should be vacated.

---

[5] The Commonwealth concedes that count two should be vacated in light of **Farrow**. Commonwealth's Brief at 19-20. In its Pa.R.A.P. 1925(a) opinion, the trial court stated: "In light of the recent holding in *Farrow*, the Trial Court acknowledges that Appellant must be resentenced at the counts of driving while under the influence-general impairment pursuant to the dictates of *Farrow*." Trial Court Opinion, 7/26/18, at 15.

As stated, at count one, Appellant was convicted of Subsection 3802(a)(2), and at count three, he was convicted of Subsection 3802(a)(1). Both subsections define offenses of DUI-general impairment. 75 Pa.C.S. § 3802(a). Specifically, the provisions state as follows:

**(a)  General impairment. –**

(1)  An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

(2)  An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a).

While both subsections define the offense of DUI-general impairment, the two provisions allow for the offense to be established in different ways. Under Subsection 3802(a)(1), an individual is guilty of DUI-general impairment if he or she is in control of the movement of a motor vehicle after imbibing a sufficient amount of alcohol "such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle."  As an alternative means of establishing DUI general impairment, Subsection 3802(a)(2) allows for establishment of the

offense when the individual has imbibed a sufficient amount of alcohol "such that the alcohol concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle." Thus, these two provisions proscribe the offense of DUI-general impairment but allow for proof of the offenses by different means of evidence: observation versus BAC measurement.

Reviewing Appellant's convictions and sentences at counts one and three in this context reflects that Appellant twice was sentenced for DUI-general impairment for one incident of criminal conduct as a result of the Commonwealth utilizing two different types of evidence to prove the offense. Again, as **Farrow** set forth, the fact that at count three the trial court imposed "[a] determination of guilty without further penalty" does not render one sentence a nullity.

We find our decision in **Williams**, 871 A.2d 254, to be instructive in this matter. In **Williams**, the appellant was convicted of two counts of DUI: one pursuant to 75 Pa.C.S. § 3731(a)(1) and the other pursuant to 75 Pa.C.S. § 3731(a)(4)(i) (both now repealed). **Id.** at 257. At the time of Williams's offense, Section 3731 of Pennsylvania's Motor Vehicle Code provided in relevant part, as follows:

**§ 3731. Driving under influence of alcohol or controlled substance**

**(a)**   **Offense defined.**-A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

> (1)   While under the influence of alcohol to a degree which renders the person incapable of safe driving.

> * * *

> (4)   While the amount of alcohol by weight in the blood of:

> (i) an adult is 0.10% or greater;

75 Pa.C.S. § 3731(a)(1), (a)(4)(i).[6]

The court sentenced Williams to two consecutive thirty-day flat terms of incarceration to be followed by two concurrent terms of eighteen months of probation. *Id.* at 258. On appeal, Appellant argued that his sentence was illegal because it consisted of separate sentences under two subsections of the same DUI statute, although they arose from a single criminal act. *Id.* at 261.

In considering whether the merger doctrine barred separate sentences for convictions of two different provisions of the **same** statute, this Court stated:

> To resolve this challenge we need not engage in the traditional merger analysis of lesser and greater included offenses. Instead we examine the rationale favoring merger where a defendant has engaged in a single criminal act and he is found guilty of violating more than one section of a statute. If the sections

---

[6]   We note that although this statute has been repealed, Subsections 3731(a)(1) and (a)(4)(i) are similar to the subsections at issue in this case: Subsections 3802(a)(1) and (a)(2).

> that the defendant has violated are designed to proscribe a single harm and the defendant in violating them committed one act, then the sentences merge. Otherwise the sentences would constitute more than one punishment for the same crime and be impermissible as violative of double jeopardy.
>
> **Commonwealth v. Dobbs**, 452 Pa.Super. 488, 682 A.2d 388, 391 (1996) (holding aggravated assault statute presented five alternative bases for culpability; where only one act is at issue, only one sentence is appropriate).

**Williams**, 871 A.2d at 264.

Moreover, quoting **Commonwealth v. McCurdy**, 735 A.2d 681 (Pa. 1991), the **Williams** Court explained that our Supreme Court, addressing virtually identical subsections of a prior DUI statute, held that convictions under Section 3731(a)(1) and (a)(4)(i) did not warrant separate sentences, where only one act was at issue:

> An offense under Section 3731 may be proven by evidence that an individual operated a vehicle under the influence of alcohol to a degree that rendered him incapable of safe driving (subsection (a)(1)), or, while the amount of alcohol by weight in his blood was .10 percent or greater (subsection (a)(4)(i)).
>
> * * *
>
> Understood in this manner, the driving under the influence statute proscribes a single harm to the Commonwealth—the operation of a vehicle under the influence to a degree that renders an individual incapable of safe driving. The fact that the offense may be established as a matter of law if the Commonwealth can produce the necessary chemical test does not constitute proof of a different offense, but merely represents an alternative basis for finding culpability.

*Willliams*, 871 A.2d at 264 (quoting *McCurdy*, 735 A.2d at 685-686).

In concluding that the appellant's sentences for both subsections resulted in a violation of double jeopardy protections, this Court stated:

> Pennsylvania law has consistently expressed and read subsections (a)(1) and (a)(4)(i) of the statute as constituting a single injury to the Commonwealth. *See* 75 Pa.C.S.A. § 3731(a)(1), (a)(4)(i); *McCurdy*, *supra*; *Dobbs*, *supra*. Guided by these cases . . . we need not engage in the traditional greater/lesser included offense analysis. Instead, we conclude the *McCurdy* interpretation of the DUI statute remains viable, despite later statutory reenactment; and the offense, as defined in subsections (a)(1) and (a)(4)(i), should not subject Appellant to separate sentences for a single act.[9]
>
> > [9] The relevance of this analysis continues, even in light of the recent reenactment of the DUI statute at 75 Pa.C.S.A. § 3802.

*Williams*, 871 A.2d at 265-266.

In the case *sub judice*, we also rely upon *McCurdy* to conclude that Appellant should not be subject to multiple sentences for DUI-general impairment resulting from a single criminal act. The DUI statutory provision at issue proscribes a single harm to the Commonwealth, specifically, DUI-general impairment.

Moreover, repealed Section 3731 (a)(1) is similar to current Section 3802(a)(1), in that it proscribes operation of a motor vehicle when the individual is incapable of safely operating the vehicle. Repealed Section 3731 (a)(4)(i) is similar to current Section 3802(a)(2) because it proscribes operation of a motor vehicle by an individual with a certain BAC measurement. Thus, the analysis in *McCurdy* is substantially similar to the issue currently

- 14 -

before us, regardless of the reenactment of the DUI statute at 75 Pa.C.S. § 3802. The subsections of the relevant DUI statute, under current Section 3802 and repealed Section 3731, simply provide alternative bases and means by which to establish the offense. Accordingly, application of the traditional greater/lesser included merger-offense analysis is inappropriate. Appellant should not be subject to separate sentences for a single act, *i.e.*, DUI–general impairment. Thus, the imposition of separate sentences under Section 3802(a)(1) and (a)(2) for Appellant's single act of DUI-general impairment constitutes an illegal sentence.[7] Accordingly, we are constrained to vacate Appellant's sentence at count three as well.

In his second issue, Appellant argues that the trial court abused its discretion in sentencing him to an aggregate sentence of six to twelve years of incarceration. Appellant's Brief at 21. Appellant maintains that the trial court failed to consider relevant sentencing criteria, "particularly the protection of the public, the gravity of the underlying offense, and the rehabilitative needs of [Appellant], as required by 42 Pa.C.S. § 9721(b)." ***Id.*** Appellant further asserts that the trial court failed to consider relevant mitigating evidence presented by Appellant. ***Id.***

---

[7] This conclusion is consistent with this Court's observation that "the Commonwealth may charge separate counts, as appropriate, where the conduct at issue exposes the defendant to criminal liability under **multiple and distinct criminal provisions found in § 3802**, such as DUI-general impairment under § 3802**(a)**(1) and DUI-highest rate under § 3802**(c)**." ***Farrow***, 168 A.3d at 218 n.10 (emphases added).

We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, the first three requirements of the four-part test are met: Appellant filed a timely appeal; Appellant preserved the issue of imposition of an excessive sentence in his post-sentence motion; and Appellant included a statement raising this issue in his brief pursuant to Rule 2119(f). *Moury*, 992 A.2d at 170. Therefore, we address whether Appellant raises a substantial

question requiring us to review the discretionary aspects of the sentence imposed by the sentencing court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886-887 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines that there is a substantial question that the sentence is not appropriate under the Sentencing Code. *Commonwealth v. Hartle*, 894 A.2d 800, 805 (Pa. Super. 2006). A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Id*.

In his Pa.R.A.P. 2119(f) statement, Appellant asserts that his sentence was clearly and manifestly unreasonable because the trial court failed to consider "his evidence in mitigation, his rehabilitative needs, and protection of the public, which was in contravention of the fundamental norms of sentencing and 42 Pa.C.S. §9721."[8] Appellant's Brief at 19. Further,

---

[8] Appellant asserted the following mitigating factors and rehabilitative needs: Appellant presented testimony of his good character; asserted that he had complied with requirements of parole and had rehabilitated himself on parole; stated that he helped care for his seven-year-old daughter; stated that he has an infant daughter; asserted that he had consistent employment during parole; explained that he suffered from depression and post-traumatic stress disorder; maintained that he was willing to receive treatment for his addictions; asserted that he took responsibility for his actions; and expressed a desire to financially provide for his family. Appellant's Brief at 24.

Appellant challenges his aggregate sentence, which consisted of multiple consecutively-run sentences, as being manifestly unreasonable and unduly harsh "considering the nature of the crimes and length of imprisonment." *Id.*

We have held that where an appellant challenges the imposition of consecutive sentences as unduly excessive, combined with a claim that the court failed to consider his rehabilitative needs and mitigating factors, a substantial question has been presented. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) ("[W]e conclude that Appellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question."); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) ("[A] challenge to the imposition of . . . consecutive sentences as unduly excessive, together with [a] claim that the [trial] court failed to consider [the defendant's] rehabilitative needs upon fashioning its sentence, presents a substantial question."). Because Appellant has presented a substantial question, we proceed with our analysis.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias, or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006).

When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of defendant, and it must impose an individualized sentence. The sentence should be based on the minimum confinement consistent with the gravity of the offense, the need for public protection, and the defendant's needs for rehabilitation.

*Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006). Guided by these standards, we must determine whether the court abused its discretion by imposing a "manifestly excessive" sentence that constitutes "too severe a punishment." *Id.* Moreover, this Court has explained that when the "sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court 'was aware of relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors.'" *Moury*, 992 A.2d at 171.

At the sentencing hearing, the trial court stated the following:

[The court]: I ordered a presentence report due to the nature of the offenses and [Appellant's] history. And the guidelines are significant in terms of calling for a period of state incarceration. In that regard, a presentence report has been prepared, along with the sentencing guidelines which were made part of the record. Both of these documents have been reviewed by the [c]ourt.

N.T., 8/3/17, at 3.

Furthermore, the trial court gave the following reasons for imposing Appellant's sentence:

[The court]:  All right.  As noted, the [c]ourt has reviewed the presentence report which details [Appellant's] background, his personal history, as well as his criminal history.

The [c]ourt appreciates the presence of Ms. Hailsham [Appellant's girlfriend and mother of his children] and her comments today on behalf of [Appellant].  And the [c]ourt empathizes with her circumstances and the two children that she's raising and [Appellant's] activities with them when he was not incarcerated or involved in their lives.

The [c]ourt notes the nature of this incident was a dramatic one where [Appellant] was subject to a mere traffic stop.  The county police instead of -- he did stop and at that point in time decided to flee the traffic stop.  And high speed chases eventually wrecked his vehicle and struck at least one other car injuring the person, one of the persons in that vehicle which is listed as the victim in this matter.

The [c]ourt notes the flight, I imagine, was prompted by the fact he was on parole and on this particular night was in possession of a firearm.

In any event, the flight itself endangered the police officers as well as the civilians, one of whom was injured as a result of [Appellant's] conduct.

The [c]ourt notes that he has multiple firearms violations in the past and part of at least one of those incidents and others involve flight from law enforcement, perhaps on foot, but nonetheless prompted by the combination of alcohol and drugs and/or the presence of a parole violation.

Someone might have said on an earlier occasion it's only a matter of time before [Appellant] injures or kills somebody else and that could have very easily happened on this night.

The [c]ourt, pursuant to its statutory mandate, the individualized sentences in Pennsylvania that requires me to take into account [Appellant's] background and rehabilitative needs, the protection of the public, and the impact of the crime on the victims in this matter, believes that the following sentence is reasonable and consistent with my obligation and the guidelines in the statute itself in terms of the sentence to be imposed.

N.T., 8/3/17, at 9-12.

As is reflected by the record, the trial court considered the protection of the public, the gravity of the offense in relation to its impact on the victim and community, and the rehabilitative needs of Appellant in sentencing him. *Fullin*, 892 A.2d at 847. Moreover, the trial court had the benefit of a PSI. Thus, we can assume the sentencing court was aware of relevant information regarding Appellant's character and weighed those considerations along with mitigating statutory factors. *Moury*, 992 A.2d at 171; *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case."). Accordingly, Appellant's argument that the trial court failed to consider mitigating evidence, specifically his need for rehabilitation, fails. *See Moury*, 992 A.2d at 171; *Fowler*, 893 A.2d at 766.

Furthermore, we cannot agree that Appellant's sentence was excessive. The sentences imposed at counts one, six, and seven are within the standard range. Sentencing Guidelines, 1/24/17, at 1, 3-4. Appellant's sentence at count four was in the mitigated range. *Id.* at 2. "A standard range sentence carries its own presumption of reasonability." *Commonwealth v. Hicks*, 151 A.3d 216, 228 (Pa. Super. 2016) (quoting *Commonwealth v. Walls*, 926 A.2d 957, 964–965 (Pa. 2007)).

In sum, the trial court carefully considered the Section 9721(b) factors when sentencing Appellant, including his rehabilitative needs. The trial court reviewed the PSI and other information at its disposal when determining the sentence, considering the gravity of the offenses, the impact on the victims, and the need to protect the public in the future. It sentenced Appellant to consecutive terms of imprisonment, which resulted in an aggregate term of six to twelve years of imprisonment, and a sentence of probation for six months commencing on August 3, 2017. This application of the guidelines was not unreasonable. Thus, the trial court did not abuse its discretion in sentencing Appellant, and Appellant is entitled to no relief on this claim.

Conviction and judgment of sentence vacated as to count two. Judgment of sentence vacated as to count three. Conviction and judgment of sentence affirmed at count one. Convictions and judgments of sentence affirmed at all remaining counts.[9] Jurisdiction relinquished.

_____

[9] Because the trial court imposed sentences at counts two and three of "[a] determination of guilty without further penalty," vacation of sentences at counts two and three does not upset the sentencing scheme.

> Where a case requires a correction of sentence, this Court has the option of either remanding for resentencing or amending the sentence directly. [Because the sentences for the two convictions] run concurrently. . . . the aggregate sentence is not changed by merging the sentences. As such, a remand is not necessary. Instead we will vacate the concurrent sentence for [one of the convictions].

Judge Murray joins this Memorandum.

P.J.E. Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2019

---

***Commonwealth v. Klein***, 795 A.2d 424, 430 (Pa. Super. 2002); ***see also***
***Commonwealth v. Thur***, 906 A.2d 552, 569-570 (Pa. Super. 2006) (holding
if appellate court can vacate illegal sentence without upsetting the trial court's
overall sentencing scheme, it need not remand for resentencing).  Thus, we
need not remand this matter to the trial court for resentencing.